Christopher J. Seusing *(Admitted Pro Hac Vice)*
cseusing@wshblaw.com
Sean V. Patel *(Pro Hac Vice Admission Forthcoming)*
spatel@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
685 3rd Avenue, 18th Floor
New York, NY 10017
Tel: 475-755-7050

Jacob P. Wilson (State Bar No. 331448)
jwilson@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
10960 Wilshire Boulevard, 18th Floor,
Los Angeles, CA 90024
Tel: 310-481-7702

***Attorneys for Defendants, Plex, Inc. and Plex GmbH***

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

RICHARD LEE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PLEX, INC. and PLEX GMBH,

Defendants.

Case No. 5:24-cv-02386-EKL

**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND STRIKE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS OR TRANSFER VENUE**

Date: October 30, 2024
Time 10:00 a.m.
Courtroom: 7
Judge: The Honorable Eumi K. Lee

*(Filed Concurrently with [Proposed] Order)*

# TABLE OF CONTENTS

**PAGE(S)**


I. PLAINTIFF WAS ON NOTICE OF THE TERMS ....... 1

A. The "Create Your Free Account Page" provides sufficient notice of the Terms ....... 1

1. Plaintiff's Opposition relies on inadmissible evidence ....... 1

2. Plaintiff received sufficient notice of the Terms ....... 3

II. THE ARBITRATION AGREEMENT AND CLASS ACTION WAIVER IS ENFORCEABLE ....... 6

A. The Arbitration Agreement encompasses all parties to this action ....... 6

1. The first Franklin factor is satisfied ....... 7

2. The second Franklin factor is satisfied ....... 9

III. PLAINTIFF FAILS TO ALLEGE THE INFORMATION ALLEGEDLY COLLECTED WAS PERSONALLY IDENTIFIABLE ....... 11

IV. PLEX RECEIVED STATUTORY CONSENT ....... 12

A. Plex received statutory consent pursuant to Cal. Civ. Code § 1799.3 ....... 12

B. Plex received statutory consent pursuant to the VPPA ....... 13

V. PLEX'S MOTION TO STRIKE CLASS ALLEGATIONS IS TIMELY ....... 14

VI. CONCLUSION ....... 15


WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Abagninin v. AMVAC Chem. Corp.*,
545 F.3d 733 (9th Cir.2008) ........ 15

*Adams v. America's Test Kitchen*,
680 F. Supp. 3d 31 (D. Mass. 2023) ........ 13

*Amisil Holdings Ltd. v. Clarium Cap. Mgmt.*,
622 F. Supp. 2d 825 (N.D. Cal. 2007) ........ 8

*Arthur Andersen LLP v. Carlisle*,
556 U.S. 624 (2009) ........ 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 3

*Berman v. Freedom Fin. Network, LLC*,
30 F. 4th 849 (9th Cir. 2022) ........ *passim*

*Branon Hughes v. National Football League*,
No. 1:22-CV-10743 (JLR), 2024 WL 4063740 (S.D.N.Y. Sept. 5, 2024) ........ 14

*Britt v. ContextLogic, Inc.*,
No. 20-cv-4333, 2021 WL 1338553 (N.D. Cal. Apr. 9, 2021) ........ 6

*Burnham v. City of Rohnert Park*,
No. C 92-1439 SC, 1992 WL 672965 (N.D. Cal. May 18, 1992) ........ 7

*Canatella v. Castro*,
No. 13-CV-05937-HSG, 2015 WL 5818070 (N.D. Cal. Oct. 6, 2015) ........ 10

*Capello v. Walmart Inc.*,
2019 WL 11687705 (N.D. Cal. Apr. 5, 2019) ........ 13

*Cohen v. CBR Sys., Inc.*,
625 F. Supp. 3d 997 (N.D. Cal. 2022) ........ 7,8

*Crawford v. Beachbody, LLC*,
No. 14-cv-1583, 2014 WL 6606563 (S.D. Cal. Nov. 5, 2014) ........ 4

*Fan v. NBA Properties, Inc.*,
2024 WL 1297643 (N.D. Cal. Mar. 26, 2024) ........ 13

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

*Feldman v. Star Tribune Media Co. LLC,*
659 F. Supp. 3d 1006 (D. Minn. 2023) .......... 13

*Fujian Pacific Elec. Co. v. Bechtel Power Corp.*,
No. C 04-3126 XIHP, 2004 WL 2645974 (N.D. Cal. Nov. 19, 2004).......... 8

*Garcia v. Pexco, LLC,*
11 Cal. App. 5th 782, 217 Cal.Rptr.3d 793 (Cal. Ct. App. 4th Dist. 2017).......... 7

*Garcia v. ISS Facility Servs., Inc.,*
No. 19-CV-07807-RS (RMI), 2023 WL 4552765 (N.D. Cal. July 13, 2023).......... 15

*GAR Energy & Assocs., Inc. v. Ivanhoe Energy Inc.,*
No. 1:11-CV-00907 AWI, 2011 WL 6780927 (E.D. Cal. Dec. 27, 2011),
*report and recommendation adopted,* No. 1:11-CV-00907 AWI,
2012 WL 174952 (E.D. Cal. Jan. 20, 2012).......... 7,8

*Guisinger v. Keystone* RV Co.,
2024 WL 3384211 (9th Cir. July 12, 2024) .......... 9

*Heerde v. Learfield Commc'ns, LLC,*
No. 2:23-CV-04493-FLA (MAAX), 2024 WL 3573874 (C.D. Cal. July 19, 2024) .......... 10

*Henry v. Napa Valley Unified*,
No. 16-CV-04021-MEJ, 2016 WL 7157670 (N.D. Cal. Dec. 8, 2016) .......... 10

*Houtchens v. Google LLC*,
No. 22-cv-2638, 2023 WL 122393 (N.D. Cal. Jan. 6, 2023) .......... 3,4

*In re Hulu Priv. Litig.*
No. C 11-03764 LB, 2014 WL 2758598 (N.D. Cal. June 17, 2014). .......... 14,15

*Jackson v. Amazon.com, Inc.,*
65 F.4th 1093 (9th Cir. 2023).......... 10

*Jaime C. v. Saul,*
No. 20-CV-03760-JSC, 2022 WL 1601398 (N.D. Cal. Mar. 9, 2022) .......... *passim*

*Jenkins v. Cty. of Riverside,*
398 F.3d 1093 (9th Cir. 2005).......... 12

*Kramer v. Toyota Motor Corp.,*
705 F.3d 1122 (9th Cir. 2013).......... 7

*Linder v. Golden Gate Bridge, Highway & Transportation Dist.,*
No. 4:14-CV-03861 SC, 2015 WL 4623710 (N.D. Cal. Aug. 3, 2015).......... 10

///

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

*Lucas v. Hertz Corp.*,
875 F. Supp. 2d 991 (N.D. Cal. 2012) .......... 8

*Mance v. Mercedes-Benz USA*,
901 F. Supp. 2d 1147 (N.D. Cal. 2012) .......... 7,8

*Marselian v. Wells Fargo & Co.*,
514 F. Supp. 3d 1166 (N.D. Cal. 2021) .......... 8

*Martin v. Meredith Corp.*,
657 F. Supp. 3d 277 (S.D.N.Y. 2023) .......... 10

*Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*,
288 F.R.D. 500 (D. Nev. 2013) .......... 14

*Mohamed v. Uber Techs., Inc.*,
848 F.3d 1201 (9th Cir. 2016) .......... 10

*Morongo Band of Mission Indians v. California State Bd. of Equalization*,
858 F.2d 1376 (9th Cir. 1988) .......... 14

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) .......... 9,10

*Murphy v. DirecTV, Inc.*,
724 F.3d 1218 (9th Cir. 2013) .......... 9

*Naria v. Trover Sols., Inc.*,
967 F. Supp. 2d 1332 (N.D. Cal. 2013) .......... 8

*Nguyen v. Barnes & Noble, Inc.*,
763 F. 3d 1171 (9th Cir. 2014) .......... 4

*Ortiz v. Amazon.com LLC*,
No. 17CV03820JSWMEJ, 2018 WL 2451816 (N.D. Cal. May 31, 2018) .......... 15

*Payne v. Sieva Networks, Inc.*,
No. 24-CV-00901-JST, 2024 WL 3585119 (N.D. Cal. July 29, 2024) .......... 15

*Rebecka Miller v. Plex, Inc.*,
5:22-cv-5015-SVK, ECF No. 32 .......... *passim*

*Roberts v. Obelisk, Inc.*,
No. 18CV2898-LAB (BGS), 2019 WL 1902605 (S.D. Cal. Apr. 29, 2019) .......... 8

*Selden v. Airbnb*,
4 F.4th 148 (D.C. Cir. 2021) .......... 6

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

*Sepehry-Fard v. Countrywide Home Loans. Inc.*,
No. 13-CV-05769-BLF, 2014 WL 2707738 (N.D. Cal. June 13, 2014)............................... 14

*Soltero v. Precise Distribution, Inc.*,
102 Cal. App. 5th 887 (2024).......................................................................................... 9

*Song fi Inc. v. Google, Inc.*,
108 F. Supp. 3d 876 (N.D. Cal. 2015) ............................................................................ 10,11

*Tejeda v. Vulcan Materials Co.*,
No. 23-CV-00619-JCS, 2024 WL 3642403 (N.D. Cal. Aug. 1, 2024)................................ 6,7

*Van Hook v. Curry*, No. C06-3148 PJH (PR),
2008 WL 685646 (N.D. Cal. Mar. 13, 2008) ........................................................................ 2

*Williams v. Kernan*,
No. 17-CV-03538-YGR (PR), 2019 WL 6036710 (N.D. Cal. Nov. 14, 2019) .................... 1,2

*Wilmot v. McNabb*,
269 F.Supp.2d 1203 (N.D.Cal.2003) ................................................................................ 8

*Wilson v. Frito-Lay N. Am., Inc.*,
961 F. Supp. 2d 1134 (N.D. Cal. 2013) .......................................................................... 15

*Wolf v. ClubCorp USA, Inc.*,
No. 22-CV-1688-MMA (JLB), 2023 WL 4306693 (S.D. Cal. June 30, 2023) .................... 8

**OTHER AUTHORITY**

Federal Rule of Evidence 401 ............................................................................................ 2

Federal Rule of Evidence 701 ............................................................................................ 3

Federal Rule of Evidence 702 ............................................................................................ 3

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

## I. PLAINTIFF WAS ON NOTICE OF THE TERMS [1]

### A. <u>The "Create Your Free Account Page" provides sufficient notice of the Terms</u>

In Plaintiff's Opposition, Plaintiff recognizes this Court's recent decision in *Rebecka Miller v. Plex, Inc.*, which held that a Plex user enters into an enforceable sign-in wrap agreement when the user creates a Plex account and therefore consents to Plex's Terms of Use[2] and Privacy Policy (collectively, the "Terms"). *See Id.,* 5:22-cv-5015-SVK, ECF No. 32, pg. 18-19. Notwithstanding, in Plaintiff's Opposition, Plaintiff argues the sign-in wrap agreement is unenforceable by parroting the same arguments which were rejected by this Court in *Miller*. However, Plaintiff fails to introduce any distinguishing facts which would affect this Court's ruling in *Miller*. Accordingly, this Court should follow its precedent in *Miller*.

#### 1. <u>Plaintiff's Opposition relies on inadmissible evidence</u>

Plaintiff fails to submit a declaration testifying as to his personal experience creating a Plex account in or around April 2020. Instead, Plaintiff submitted a declaration made by his counsel, which **<u>details his counsel's personal and unique experience on the Plex website, rather than Plaintiff's</u>**. (the "Glatt Declaration"). Notwithstanding, the Glatt Declaration raises significant evidentiary concerns and is inadmissible because the Court can "only consider[] relevant

---

[1] By submitting this Reply Memorandum, Plex denies all of the arguments and allegations contained in Plaintiff's Opposition, even if not specifically addressed herein.

[2] In Plaintiffs' Opposition, Plaintiff fails to address, and therefore concedes that the 2020 Terms of Service ("Terms of Service") are controlling. *See Jaime C. v. Saul,* No. 20-CV-03760-JSC, 2022 WL 1601398, at *3 (N.D. Cal. Mar. 9, 2022) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.")

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

evidence[.]" *Williams v. Kernan,* No. 17-CV-03538-YGR (PR), 2019 WL 6036710, at *6 (N.D. Cal. Nov. 14, 2019); *see also Van Hook v. Curry*, No. C06-3148 PJH (PR), 2008 WL 685646, at *1 (N.D. Cal. Mar. 13, 2008) (granting motion to strike declaration containing new factual assertions attached to opposition to motion to dismiss because those "assertions are irrelevant when considering a motion to dismiss"). Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make existence of any fact that is of consequence to the determination of the action more probable that it would be without the evidence." *Id*. Here, the Glatt Declaration is a red herring and irrelevant because **Attorney Glatt does not testify as to Plaintiff's personal knowledge regarding Plaintiff's experience when Plaintiff allegedly created a Plex account in or around April 2020.** Rather, the Glatt Declaration is premised on Attorney Glatt's visit to the Plex website ""in or around August 2, 2024", over 4 years since Plaintiff allegedly created his Plex account. *See* ECF No. 29, Exhibit 1, ¶ 2. The Glatt Declaration also relies on Figure 4 of the FAC, which Attorney Glatt states was taken "on March 2, 2024", again over 4 years since Plaintiff allegedly created his plex account. Materially, the Glatt Declaration is also premised on Attorney Glatt using a "Microsoft desktop computer" and "Google Chrome browser which was set to full screen, 100% zoom[.]". Notably, the Glatt Declaration fails to allege that Plaintiff's device, browser, and screen settings were the same as Attorney Glatt's when Plaintiff first registered for a Plex account in or around April 2020. To take a step further, the FAC fails to even allege what device, browser, and screen settings Plaintiff used when Plaintiff first registered for a Plex account in or around April 2020. *See* FAC, *generally*. Accordingly, the Glatt Declaration is irrelevant, fails to satisfy the evidentiary requirements of Rule 401 and is therefore inadmissible.

In Plaintiff's Complaint, Plaintiff also alleges that a "user viewing the page with *standard browser settings (i.e. 100% zoom)* would not see the block of text containing the Terms and Privacy Policy unless they scrolled down the page." *See* ECF No. 29, pg. 11. Notwithstanding, Plaintiff does

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

not hold himself as an industry expert and therefore pursuant to Federal Rule of Evidence 701 and 702 cannot opine as to industry standards. *See City of Owensboro v. Ky. Utilities Co.*, 2008 WL 4642262, at *2 (W.D. Ky. Oct. 14, 2008) (collecting cases in which experts, rather than lay witnesses, were required to testify to industry standards). Furthermore, legal conclusions “must be supported by factual allegations.” *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

2. **Plaintiff received sufficient notice of the Terms**

In Plaintiff's Opposition, Plaintiff concedes this Court should follow precedent and again use the *Berman Test* applied in *Miller* to determine whether Plaintiff entered into an enforceable sign-in wrap agreement. *See* ECF No. 29, pg. 10 (*citing Berman v. Freedom Fin. Network, LLC*, 30 F. 4th 849, 856 (9th Cir. 2022)). Pursuant to the *Berman Test*, "an enforceable contract will be found based on an inquiry notice theory only if (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound, and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Id.*

(a) *The first Berman factor is satisfied*

As to the first *Berman* Factor, in Plaintiff's Opposition, Plaintiff alleges that the "Create Your Free Account " page does not provide sufficient notice of the Terms of Service or Privacy Policy because "Plaintiff **could have** created an account without ever seeing the hyperlinks to the Terms of Service or Privacy Policy or reading the text informing him that creating an account binds him to those contracts." *See* ECF No. 29, pg. 12. Notably, similar to the plaintiff in *Miller*, here Plaintiff is very careful with his choice of words, and rather than expressly stating he did not see the Terms, he instead uses permissive language. Notwithstanding, this Court in *Miller* held "a 'bare assertion' that consumers do not recall agreeing to terms of service when creating accounts does not overcome evidence that a consumer had to agree to terms of service when creating an account." *Id.,* 5:22-cv-

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

5015-SVK, ECF No. 32, pg. 10 (*citing Houtchens v. Google LLC*, No. 22-cv-2638, 2023 WL 122393, at *4 (N.D. Cal. Jan. 6, 2023) (finding plaintiffs' "bare assertion that they do not recall" checking box agreeing to Fitbit's terms of service when creating their accounts insufficient to "overcome Google's evidence"); *Crawford v. Beachbody, LLC*, No. 14-cv-1583, 2014 WL 6606563, at *2 (S.D. Cal. Nov. 5, 2014) (concluding plaintiff assented to sign-in wrap terms of service even though plaintiff averred that she did "not recall seeing or agreeing to any terms and conditions on the BeachBody website"). Here, as explained above, in the FAC Plaintiff fails to allege what device, browser, and screen settings he used to register for a Plex account in or around April 2020. Accordingly, as Plex submitted evidence that the design of the "Create Your Free Account" page is the same as the design this Court relied on when deciding *Miller* (*See* ECF No. 22, Declaration of Ricardo Castro, at ¶ 14; Ex. C.), this Court should follow its precedent.

In Plaintiff's Opposition, Plaintiff also fails to address Plex's argument that the Terms were available on the Facebook page that he was redirected to after he allegedly selected the "Continue with Facebook Button." *See* ECF No. 22, Declaration of Ricardo Castro, at ¶ 14; Ex. D. Accordingly, as Plaintiff does not allege that he had to scroll down on the Facebook page to view the Terms, Plaintiff concedes they were reasonably conspicuous and he received notice. *See Jaime* 2022 WL 1601398, at *3 ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.")

Plaintiff curiously cites to *Nguyen v. Barnes & Noble, Inc*., for the proposition that the first *Berman* Factor has not been met. *See Id*, 763 F. 3d 1171 (9th Cir. 2014). However, this argument actually favors Plex because *Nguyen* differentiated the types of online agreements, and as Plaintiff concedes, *Nguyen* involved a "browsewrap' agreement." *See* ECF No. 29, pg. 13. In contrast, this Court in *Miller* held:

> Because the user is purportedly bound by Plex's TOS by clicking to "Create an Account" or "Continue with Google", and cannot create an account without

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

> affirmatively acknowledging the agreement…Plex's agreement is…categorized as a **sign-in wrap agreement.**

*See Id.*, Case No. 5:22-cv-5015-SVK, ECF No. 32, pg. 14 (March 30, 2023).

Plaintiff further alleges the first *Berman* Factor has not been met because within the "Create Your Free Account" page, "[t]he hyperlink[s] are located [twelve] lines away from the ['Continue with Facebook'] button." *See* ECF No, 29, pg. 14-15. However, this Court in *Miller* held a user is on inquiry notice and receives reasonable notice of the Terms even when the user clicks on the "Continue with Google" button within Plex's "Create Your Free Account" page. *Id*. Here, the facts are even more favorable than in *Miller* because Plaintiff alleges he clicked on the "Continue with Facebook" button within the "Create Your Free Account " page, which is **actually physically closer** to the Terms than the "Continue with Google" button. *See* ECF No. 22, Declaration of Ricardo Castro, at ¶ 14; Ex. C.

Additionally, Plaintiff alleges the first *Berman* Factor has not been met because within the "Create Your Free Account" page, "the hyperlinks are not identifiable as such. The links are not underlined and appear in a grey font that looks like bolded text rather than a link." *See* ECF No, 29, pg. 14-15. Again, this Court in *Miller* held:

> because the hyperlinks [within the 'Create Your Free Account' page] are **bolded** and as **such appear darker than the rest of the sentence**, they are "**sufficiently set apart** from the surrounding set apart from the surrounding text…it is clear that Plaintiff was not required to " hover [her] mouse over otherwise plain-looking text or aimlessly click on words on a page in an effort to ferret out hyperlinks.

*See Id.,* 5:22-cv-5015-SVK, ECF No. 32, pg. 19-20. Again, as Plex submitted evidence that the design of the "Create Your Free Account" page is the same as the design this Court relied on when deciding *Miller*, Plaintiff's arguments should be rejected. *See* ECF No. 22, Declaration of Ricardo Castro, at ¶ 14; Ex. C.

(b) *The second Berman factor is satisfied*

Plaintiff argues the second *Berman* Factor has not been met because the "'Continue with

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

Facebook' screen does not require consent to the Terms of Service or Privacy Policy." *See* ECF No, 29, pg. 15. Again, this Court in *Miller* rejected the identical argument, holding:

> **Plaintiff was on inquiry notice** of the arbitration agreement, and that Plaintiff **manifested unambiguous assent** to Plex's TOS when she signed up for Plex's services using her Google credentials.

*Id.,* Case No. 5:22-cv-5015-SVK, ECF No. 32, pg. 21. This Court in *Miller* also held that "courts have upheld similar phased sign-in processes where a user first encountered a webpage that placed the user on inquiry notice." *Id.* (*citing Selden v. Airbnb*, 4 F.4th 148, 156-58 (D.C. Cir. 2021) (affirming motion to compel arbitration and concluding that phased sign-in created valid sign-in wrap agreement where Airbnb's sign-in page clearly put users on inquiry notice); *Britt v. ContextLogic, Inc*., No. 20-cv-4333, 2021 WL 1338553, at *4(N.D. Cal. Apr. 9, 2021) (granting motion to compel arbitration where plaintiff elected to sign in to Wish using her Facebook account).

This Court in *Miller* ruled a user manifests unambiguous consent to the Terms by clicking on the "Continue with Google" button within the "Create Your Free Account " page. Similarly, here, Plaintiff manifested unambiguous consent to Plex's Terms by clicking on the "Continue with Facebook" button within the "Create Your Free Account " page, which is directly below the "Continue with Google" button. *See* ECF No. 22, Declaration of Ricardo Castro, at ¶ 14; Ex. C. Accordingly, Plaintiff's claims are meritless and should be rejected by this Court, just as the Court in *Miller* did.

## II. THE ARBITRATION AGREEMENT AND CLASS ACTION WAIVER IS ENFORCEABLE

### A. The Arbitration Agreement encompasses all parties to this action

In Plaintiff's Opposition, Plaintiff alleges that "only Defendant Plex GmbH is a party to the 2020 terms", "it is Plex, Inc.'s burden to provide it is entitled to invoke these terms", and by "failing to make these arguments in their motion, Defendants have waived any such arguments on reply." *See* ECF No. 29, pg. 22. First, Plaintiff cites the incorrect legal standard, as reply briefs may

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

permissibly address "matters either raised by the opposition or unforeseen at the time of the original motion.” *Tejeda v. Vulcan Materials Co.,* No. 23-CV-00619-JCS, 2024 WL 3642403, at *15 (N.D. Cal. Aug. 1, 2024) (*quoting Burnham v. City of Rohnert Park*, No. C 92-1439 SC, 1992 WL 672965, at *5 (N.D. Cal. May 18, 1992)). Second, Plaintiff again ignores this Court's decision in *Miller*, where this Court defined "Plex" to include both "Plex, Inc. and Plex, GmbH", and relying on the same Terms of Service held that "Plex's motion to compel arbitration is GRANTED." See *Id.,* Case No. 5:22-cv-5015-SVK, ECF No. 32, pg. 1, 23.

Third, even, assuming, *arguendo*, Plex Inc. was not a party to the arbitration agreement (which this Court in *Miller* determined it *was*), "the United States Supreme Court has held that a litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *Kramer v. Toyota Motor Corp.,* 705 F.3d 1122, 1128 (9th Cir. 2013) (*citing Arthur Andersen LLP v. Carlisle,* 556 U.S. 624, 632 (2009)). Accordingly, "'a nonsignatory defendant may invoke an arbitration clause to compel a signatory plaintiff to arbitrate its claim when the causes of action against the nonsignatory are intimately founded in and intertwined with’ the underlying contract obligations." *Id.* at 1129 ((*quoting Garcia v. Pexco, LLC*, 11 Cal. App. 5th 782, 786, 217 Cal.Rptr.3d 793 (Cal. Ct. App. 4th Dist. 2017)). “[T]o compel arbitration of a plaintiff's claims against a nonsignatory ... the court must decide both that (1) the plaintiff is equitably estopped from escaping the contract, and (2) the claims fall within the scope of the contract's arbitration clause.” *Cohen v. CBR Sys., Inc.,* 625 F. Supp. 3d 997, 1005 (N.D. Cal. 2022) (*quoting Franklin v. Cmty. Reg'l Med. Ctr.,* 998 F.3d 867, 872 (9th Cir.).

1. **<u>The first Franklin factor is satisfied</u>**

As to the first *Franklin* factor, "a plaintiff is equitably estopped from escaping the contract if the signatory's claims against a non-signatory arise out of the underlying contract or **<u>the non-signatory's conduct is intertwined with a signatory's conduct.</u>**" *Id.*(*citing Mance v. Mercedes-Benz USA*, 901 F. Supp. 2d 1147, 1155-56 (N.D. Cal. 2012)). Here, Plaintiff's claims against Plex, Inc. and Plex GmbH are “based on the same facts and are inherently inseparable.” *See Id.* (*quoting Garcia*, 11 Cal. App. 5th at 786); *see also* FAC, *generally.* To be sure, Plaintiff alleges that "together with Plex GmbH, Defendant Plex, Inc. offers the interactive Plex streaming service." *See* FAC, at ¶

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

7. Plaintiff further alleges that **both** Plex Inc. and Plex GmbH violated statutory duties arising from the sign-in wrap agreement by disclosing Plaintiff's FID and viewing activity on the Plex streaming service without first obtaining statutorily compliance consent. *See* FAC, *generally*. Accordingly, "the conduct of Defendant [Plex Inc.] 'is substantially interdependent with the conduct of' Defendant [Plex GmbH], and unless Defendant [Plex Inc.] 'is compelled to arbitrate, arbitration proceedings between [Defendant Plex GmbH and Plaintiffs] would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted." *Cohen,* 625 F. Supp. 3d 997, 1006 (*citing Fujian Pacific Elec. Co. v. Bechtel Power Corp.*, No. C 04-3126 XIHP, 2004 WL 2645974, at *5 (N.D. Cal. Nov. 19, 2004)); *Mance,* 901 F. Supp. 2d 1147, 1156 ("In other words, where a lawsuit against nonsignatories is inherently bound up with claims against a signatory, the court should compel arbitration in order to avoid denying the signatory the benefit of the arbitration clause, and in order to avoid duplicative litigation which undermines the efficiency of arbitration.")[3]. This is especially true given that Plex GmbH is the parent company of Plex Inc. *See* ECF No 22, Declaration of Angelo Spenillo, ¶ 8; *see also* *Naria v. Trover Sols., Inc.,* 967 F. Supp. 2d 1332, 1339 (N.D. Cal. 2013) ("**When charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer those claims against the parent to arbitration… This is true even if the parent is not formally a party to the arbitration agreement**.") (*citing Wilmot v. McNabb,* 269 F.Supp.2d 1203, 1208 (N.D.Cal.2003)); *Marselian v. Wells Fargo & Co.,* 514 F. Supp. 3d 1166, 1172 (N.D. Cal. 2021) ("**[I]f the parent corporation was forced to try the case, the arbitration proceedings would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted**") (listing cases) ; *GAR Energy & Assocs., Inc. v. Ivanhoe*

[3] *see also Lucas v. Hertz Corp.,* 875 F. Supp. 2d 991, 1003 (N.D. Cal. 2012) (same); *Amisil Holdings Ltd. v. Clarium Cap. Mgmt.,* 622 F. Supp. 2d 825, 840 (N.D. Cal. 2007) (same); *Wolf v. ClubCorp USA, Inc.,* No. 22-CV-1688-MMA (JLB), 2023 WL 4306693, at *6 (S.D. Cal. June 30, 2023) (same); *Roberts v. Obelisk, Inc.,* No. 18CV2898-LAB (BGS), 2019 WL 1902605, at *7 (S.D. Cal. Apr. 29, 2019) (same).

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

*Energy Inc.,* No. 1:11-CV-00907 AWI, 2011 WL 6780927, at *12 (E.D. Cal. Dec. 27, 2011), *report and recommendation adopted,* No. 1:11-CV-00907 AWI, 2012 WL 174952 (E.D. Cal. Jan. 20, 2012) (same).

In Plaintiff's Opposition, Plaintiff alleges that he should not be compelled to arbitrate his claims against Plex Inc. by citing to *Soltero v. Precise Distribution, Inc*., 102 Cal. App. 5th 887, 892-93 (2024), *Murphy v. DirecTV, Inc*., 724 F.3d 1218, 1229 (9th Cir. 2013), and *Guisinger v. Keystone* RV Co., 2024 WL 3384211, at *1 (9th Cir. July 12, 2024). However, those cases are factually distinguishable as the defendants in those matters did not involve a parent-subsidiary or principal-agent relationship. Specifically, in *Soltero*, the defendant tried to enforce an arbitration agreement that was made between plaintiff and an independent staffing agency even though the staffing agency was not a party to the action and was not affiliated with the defendant. *See Id*, 102 Cal. App. 5th 887, 890-92. Similarly, in *Guisinger*, the defendant "sought to invoke the arbitration provision of a financing agreement between [plaintiff] and an RV dealership that [was] not a party to this suit." *Id*., 2024 WL 3384211, at *1. Finally, Plaintiff's citation to *Murphy* actually favors Plex because the Ninth Circuit expressly held that in California a "nonsignatory to an agreement to arbitrate may be required to arbitrate, and may invoke arbitration against a party, if a preexisting confidential relationship, such as an agency relationship between the nonsignatory and one of the parties to the arbitration agreement, makes it equitable to impose the duty to arbitrate upon the nonsignatory." *Id*., 724 F.3d 1218, 1232. Notwithstanding, in *Murphy*, the court expressly denied Best Buy's motion to compel arbitration because "the supplier-retailer relationship is insufficient to render Best Buy DirecTV's agent." *Id*., at 1233. Accordingly, here the current matter is factually distinguishable from these three cases and falls within the exceptions identified by Plaintiff.

2. **The second Franklin factor is satisfied**

As to the Second *Franklin* factor, Plaintiff argues that "this action is outside of the Class Action Waiver and Arbitration Agreement" because "Plaintiff's VPPA claim exists independently of and is 'not dependent on [and therefore, does not relate to] the terms of the contract." *See* ECF No. 29, pg. 30. Notably, Plaintiff's argument actually favors Plex because *Plaintiff concedes* an enforceable contract exists with Plex Inc. and Plex GmbH. Additionally, Plaintiff ignores the U.S.

Supreme Court's decision in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, which held that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.*, 460 U.S. 1, 24-25 (1983). Plaintiff's argument is unpersuasive as it also ignores the plain meaning within the Arbitration Agreement, which provides that

> You agree that **all disputes** between you and Plex…**with regard to your relationship with Plex**, including, without limitation, disputes related to this TOS, **your use of the Plex Solution**, and/or **rights of privacy and/or publicity,** will be resolved by binding, individual arbitration… **any disputes** arising with respect to this TOS between you and Plex…shall be referred to an arbitrator affiliated with the Judicial Arbitration and Mediation Services, Inc. ("JAMS")…Arbitration **shall be conducted under the rules then prevailing of JAMS/ENDISPUTE Streamlined Arbitration Rules and Procedures in effect at the time of filing of the demand for arbitration**…Neither you nor Plex will participate in a class wide arbitration for any claims covered by this TOS. This dispute resolution provision will be **governed by the Federal Arbitration Act ["FAA"]**.

*See* ECF No 22, Declaration of Ricardo Castro, at ¶¶ 29,31; Ex. A. Here, Plaintiff in good faith cannot argue the Arbitration Agreement does not apply to this action when his claims are premised on his alleged right of privacy which arises from his relationship with Plex and use of the Plex Solution. In Plaintiff's Opposition, Plaintiff also alleges the Arbitration Agreement is unenforceable by citing to *Jackson v. Amazon.com, Inc.,* 65 F.4th 1093, 1098 (9th Cir. 2023). *Jackson* is factually distinguishable because there, "the parties agree[d] that under the 2016 TOS, the court should decide whether the dispute is arbitrable and whether Amazon's motion to compel arbitration should be granted." *Id*. Plaintiff also ignores the Ninth Circuit's decision in *Mohamed v. Uber Techs., Inc.*, which held that "whether the court or the arbitrator decides arbitrability is 'an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.'" *Id.* 848 F.3d 1201, 1208 (9th Cir. 2016) (citation omitted). The Ninth Circuit further held that "'"[l]anguage 'delegating to the arbitrators the authority to determine the validity or application of any of the provisions of the arbitration clause[ ] constitutes an agreement to arbitrate threshold issues concerning the arbitration agreement.'" *Id*. Accordingly, relying on the Ninth Circuit's decision in *Uber*, this Court in *Miller* held that:

> Plex's TOS include a delegation clause by virtue of its incorporation by reference of the JAMS Streamlined Arbitration Rules… The arbitration agreement provides, in relevant part, "[a]rbitration shall be conducted under the rules then prevailing of





WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

> JAMS/ENDISPUTE Streamlined Arbitration Rules and Procedures in effect at the time of filing of the demand for arbitration."…Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Section 8(b) of the JAMS Streamlined Rules, which provides, "Jurisdictional and arbitrability disputes, including **disputes over the formation, existence, validity, interpretation or scope of the agreement** under which Arbitration is sought, and who are proper Parties to the arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter." JAMS Streamlined Arbitration Rules & Procedures, https://www.jamsadr.com/rules-streamlined-arbitration/#Rule-8 (last accessed Mar. 27, 2023). The Court finds that the arbitration agreement clearly and unmistakably delegates questions of arbitrability to the arbitrator through its incorporation of the JAMS Streamline Arbitration Rules & Procedures…**Accordingly, Plex's motion to compel arbitration is granted.**

*Id.,* 5:22-cv-5015-SVK, ECF No. 32, pg. 22-23. Accordingly, as the above makes clear, Plex Inc. and Plex GmbH may compel arbitration based on the Arbitration Agreement within the Terms of Service, which encompasses all of Plaintiff's claims and allegations, including those relating to questions of arbitrability.

## III. PLAINTIFF FAILS TO ALLEGE THE INFORMATION ALLEGEDLY COLLECTED WAS PERSONALLY IDENTIFIABLE

The VPPA makes it unlawful for a video service provider to "knowingly disclose[], to any person, personally identifiable information concerning any consumer of such provider."18 U.S.C. § 2710(b)(1). The VPPA further defines "personally identifiable information" to include " information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3). Similarly, Cal. Civ. Code § 1799.3 makes it unlawful for any person providing video recording sales or rental services to "disclose any personal information[.]" Notwithstanding this clear definition, Plaintiff fails to address Plex's argument that information allegedly collected by the Meta Pixel is not personally identifiable, therefore waiving this argument. *See Jaime,* 2022 WL 1601398, at *3 ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *see also Linder v. Golden Gate Bridge, Highway & Transportation Dist.,* No. 4:14-CV-03861 SC, 2015 WL 4623710, at *3 (N.D. Cal. Aug. 3, 2015) (same); *Henry v. Napa Valley Unified*, No. 16-CV-04021-MEJ, 2016 WL 7157670, at *4 (N.D. Cal. Dec. 8, 2016) ("failure

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

to address in an opposition arguments raised in an opening motion, as Plaintiff did here, constitutes waiver or concession of the argument"); *Canatella v. Castro,* No. 13-CV-05937-HSG, 2015 WL 5818070, at *5 (N.D. Cal. Oct. 6, 2015) ("Canatella's opposition to RMS's motion did not defend these claims, which, under the circumstances, results in a waiver"); *Song fi Inc. v. Google, Inc.,* 108 F. Supp. 3d 876, 888 (N.D. Cal. 2015) ("Plaintiffs did not respond to YouTube's argument, and thus the Court need not address it."); *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 (9th Cir. 2005) (plaintiff abandoned claims by not raising them in opposition to motion for summary judgment).

Furthermore, while in the FAC Plaintiff alleges his Facebook ID ("FID") constitutes personally identifiable information, district courts sitting within the Ninth Circuit have held that "private profiles may not be viewable even if someone has the FID" and a person's FID can only "be used to identify that person if the person's Facebook profile is publicly accessible[.] *Heerde v. Learfield Commc'ns, LLC,* No. 2:23-CV-04493-FLA (MAAX), 2024 WL 3573874, at *4 (C.D. Cal. July 19, 2024). Accordingly, in *Heerde,* the court dismissed plaintiff's VPPA claim as "plaintiffs fail to allege their PII was disclosed because they do not identify what information on their Facebook pages, if any, was viewable and could be used to identify them."). *Id.*. Similarly, here, the FAC fails to allege whether Plaintiff's Facebook profile is public or private. *See*, FAC, *generally*. Accordingly, Plaintiff fails to allege all of the elements of the VPPA and Cal. Civ. Code § 1799.3 are satisfied, and therefore the FAC must be dismissed.

## IV. PLEX RECEIVED STATUTORY CONSENT

### A. <u>Plex received statutory consent pursuant to Cal. Civ. Code § 1799.3</u>

In Plaintiff's Opposition, Plaintiff alleges that Plex failed to meet the consent requirements under Cal. Civ. Code § 1799.3 because it did not receive "written consent." Notwithstanding, Plaintiff fails to allege the legal standard for obtaining "written consent" under Cal. Civ. Code § 1799.3, or explain why "written consent" cannot be provided over the internet. Rather, other than the separate and distinct requirement, "the language of § 1799.3 is similar to that of the VPPA", which expressly provides written consent can be given "through an electronic means using the internet." *See Martin v. Meredith Corp.*, 657 F. Supp. 3d 277, 285 (S.D.N.Y. 2023) (analyzing

California Civil Code § 1799.3); *see also* 18 U.S.C. § 2710(b)(2)(B)(i). Accordingly, Plaintiff's unfounded assertion that in today's modern times, written consent cannot be provided over the internet lacks muster, especially given that parties can enter into enforceable written contracts over the internet, as explained above.

**B. <u>Plex received statutory consent pursuant to the VPPA</u>**

In Plaintiff's Opposition, Plaintiff cites to *Fan v. NBA Properties, Inc*., 2024 WL 1297643 (N.D. Cal. Mar. 26, 2024), *Capello v. Walmart Inc*., 2019 WL 11687705 (N.D. Cal. Apr. 5, 2019), *Adams v. America's Test Kitchen*, 680 F. Supp. 3d 31 (D. Mass. 2023) and *Feldman v. Star Tribune Media Co. LLC,* 659 F. Supp. 3d 1006 (D. Minn. 2023) for the proposition that Plex's "53-page Privacy Policy" fails the statutory consent requirement under the VPPA because it is not "in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer." *See* ECF No. 29, pg. 23. Notwithstanding, the aforementioned cases are factually different because there the defendants solely attempted to obtain consent via their respective privacy policies. In contrast, here Plex additionally attempted to obtain consent through its disclosure statement within the "Continue with Facebook" pop-up screen. In Plaintiff's Opposition, Plaintiff also contradicts himself by alleging Plex's "**<u>53-page Privacy Policy</u>**" is too long, yet at the same alleging the disclosure statement within the "Continue with Facebook" pop-up screen is too short because "that screen **<u>contains only a paragraph</u>** saying that 'by continuing, Plex will receive ongoing access to the information you share and **<u>Facebook will record</u>** when Plex accesses it.'" *See* ECF No. 29, pg. 25. Accordingly, given that there have been no court decisions or legislative guidance analyzing what specifically can and cannot be included in a VPPA consent form, Plaintiff attempts to take advantage of this by manipulating the standard to make it impossible to comply with. Notwithstanding, given that Plex attempted twice (through the Privacy Policy and disclosure statement within the "Continue with Facebook" pop-up screen) to obtain Plaintiff's consent, this Court should reject Plaintiff's inequitable argument. In Plaintiff's Opposition, Plaintiff also alleges that the disclosure statement within the "Continue with Facebook" pop-up screen is inadequate because "'the information you share' likely refers to sharing information on Facebook, not plex.tv." and "Plaintiff did not 'share' his video viewing information, it was intercepted." *See* ECF No. 29,

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

pg. 25. Notwithstanding, Plaintiff's argument actually favors Plex because in the FAC Plaintiff alleges that Plex solely shared his information with Facebook, which by Plaintiff's own argument he gave direct consent to. *See*, FAC, *generally*.

**V. PLEX'S MOTION TO STRIKE CLASS ALLEGATIONS IS TIMELY**

In Plaintiff's Opposition, Plaintiff argues that Plex's motion to strike class allegations is premature because Plex "has not met its burden to show why any of the factors relevant to strike the class are present" and Plaintiff is entitled to discovery in order to maintain their class." See ECF No 29, pg. 19, 21. However, Plaintiff's argument fails to recognize that "federal subject matter jurisdiction must 'exist as of the time the action is commenced.'" *Sepehry-Fard v. Countrywide Home Loans. Inc.,* No. 13-CV-05769-BLF, 2014 WL 2707738, at *2 (N.D. Cal. June 13, 2014) (*quoting Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988)). Accordingly, "permitting plaintiff to engage in discovery in an attempt to establish jurisdiction is inappropriate." *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (*citing Morongo Band of Mission Indians,* 858 F.2d 1376, 1380).

Here, as explained above, Plaintiff's claims are legally deficient because (i) he fails to allege that the information allegedly collected is personally identifiable; (ii) and Plex received statutory consent for the alleged disclosures. Accordingly, as Plaintiff's claims are legally deficient, a class action cannot be maintained. *See Branon Hughes v. National Football League*, No. 1:22-CV-10743 (JLR), 2024 WL 4063740, at *6 (S.D.N.Y. Sept. 5, 2024) (as applied to the VPPA, "where…a named plaintiff's claim is dismissed prior to class certification, the Court lacks jurisdiction over any putative class-action claims.") (listing cases). Furthermore, in Plaintiff's Opposition, in the context of the VPPA Plaintiff fails to cite a single case that has analyzed, yet alone certified a class. *See* ECF No. 29, pg. 18-22. Furthermore, Plaintiff fails to recognize this Court's holding *In re Hulu Priv. Litig*., where this Court held that in the context of the VPPA, plaintiff was unable to ascertain a class because

> the court cannot tell how potential class members reliably could establish by affidavit the answers to the potential questions: do you log into Facebook and Hulu from the same browser; do you log out of Facebook; do you set browser settings to clear cookies; and do you use software to block cookies?...The possibility of substantial

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

> pecuniary gain affects this analysis too…That incentive and the vagaries of subjective recollection makes this case different than the small-ticket consumer protection class actions that this district certifies routinely…Plaintiffs have not defined an ascertainable class.

*Id*, No. C 11-03764 LB, 2014 WL 2758598, at *16 (N.D. Cal. June 17, 2014). In *In re Hulu Priv. Litig.,* this Court also held that the Rule 23(b)(2) and (b)(3) requirements were not satisfied because:

> In the end, the substantial issues about remaining logged into Facebook and clearing and blocking cookies mean that the court cannot conclude on this record that the common issues predominate over the individual ones…Given that even the court's best guess at subclassing would not address the issues about ascertainability and identify the class members, the court finds on this record that common issues do not predominate…[B]ased on the court's holding that a class is not ascertainable on this record, class treatment is not superior.

*Id*., 2014 WL 2758598, at *22-23. Based on *In re Hulu Priv. Litig,* Plaintiff has not satisfied his Rule 23 pleading requirements and therefore is not entitled to discovery. S*ee Payne v. Sieva Networks, Inc.,* No. 24-CV-00901-JST, 2024 WL 3585119, at *2 (N.D. Cal. July 29, 2024) ("discovery is not always required prior to deciding whether to certify a class"); *Garcia v. ISS Facility Servs., Inc.,* No. 19-CV-07807-RS (RMI), 2023 WL 4552765, at *2 (N.D. Cal. July 13, 2023) (denying plaintiff's motion to compel discovery because plaintiff failed to satisfy the requirement of Fed. R. Civ. P. 23. and therefore "plaintiff has not yet demonstrated an entitlement to the discovery she seeks."); *Ortiz v. Amazon.com LLC*, No. 17CV03820JSWMEJ, 2018 WL 2451816, at *1 (N.D. Cal. May 31, 2018) ("Plaintiff makes no attempt to show Rule 23's requirements are satisfied or that this discovery is likely to substantiate the class allegations… the Court cannot find this discovery is warranted under these circumstances.").

## VI. CONCLUSION

WHEREFORE, Plex requests this court dismiss this matter in its entirely and strike class allegations; or alternatively compel arbitration. Furthermore leave to amend should not be given as Plaintiff already filed the FAC to address the deficiencies identified in Plex's original dispositive motion. *See Wilson v. Frito-Lay N. Am., Inc.,* 961 F. Supp. 2d 1134, 1139 (N.D. Cal. 2013)

("repeated failure to cure a complaint's deficiencies by previous amendment is reason enough to deny leave to amend").

Plex seeks such further relief as appears lawful, equitable, and just.

DATED: September 10, 2024 **WOOD, SMITH, HENNING & BERMAN LLP**

By: */s/ Jacob P. Wilson*
JACOB P. WILSON
CHRISTOPHER J. SEUSING
*(Admitted Pro Hac Vice)*
SEAN V. PATEL
(*Pro Hac Vice Admission Forthcoming*)
***Attorneys for Defendants, PLEX, INC., AND PLEX GMBH***

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2024, I electronically filed the foregoing **DEFENDANT PLEX, INC.'S AND PLEX GMBH'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND STRIKE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS OR TRANSFER VENUE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Neal J. Deckant, Esq.<br>Joshua R. Wilner, Esq.<br>Joshua B. Glatt, Esq.<br>**BURSOR & FISHER, P.A.**<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>ndeckant@bursor.com<br>jwilner@bursor.com<br>jglatt@bursor.com | ***ATTORNEYS FOR PLAINTIFF*** |

*/s/ Teresa Cabanday*
Teresa Cabanday