**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
Joshua R. Wilner (State Bar No. 353949)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
jwilner@bursor.com
jglatt@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

RICHARD LEE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PLEX, INC. and PLEX GMBH,

Defendants.

Case No. 5:24-cv-02386-EKL

**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE A SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS AND [PROPOSED] ORDER PURSUANT TO L.R. 7-11(A)**

Date: October 30, 2024
Time: 10:00 a.m.
Courtroom: 7
Judge: Hon. Eumi K. Lee

Plaintiff Richard Lee ("Plaintiff"), on behalf of himself and all others similarly situated, hereby moves this Court for an order allowing Plaintiff to file a sur-reply brief in further support of his opposition to Defendants' Motion to Dismiss and Strike Class Allegations or Compel Arbitration (ECF No. 22) (the "Motion" or "MTD").

**STATEMENT OF POSITIONS**

Plaintiff files this administrative motion requesting a sur-reply to Defendants' Motion to address new issues which were raised for the first time on reply. Defendants stated their intent to file an opposition to this motion and contend that granting leave to file a sur-reply would be improper. Declaration of Neal J. Deckant ¶ 3.

**MEMORANDUM IN SUPPORT**

On August 19, 2024, Defendants Plex GmbH and Plex, Inc. ("Defendants") filed their Motion, arguing, *inter alia*, that: (i) Plaintiff should be compelled to arbitration because he supposedly agreed to Plex's Terms of Use (the "Terms"), which contains an arbitration agreement, (ii) that Defendant Plex GmbH is not subject to personal jurisdiction in this Court, and (iii) that Plaintiff was purportedly provided sufficient notice that his private video viewing information would be shared with Meta. *See generally*, MTD. Plaintiff filed his Opposition to the Motion on September 3, 2024 arguing, *inter alia*, that Plaintiff was not on notice of the arbitration agreement, that Defendant Plex, Inc. is not a party to the Terms and therefore cannot enforce the arbitration agreement, and that Plaintiff was not on notice of the disclosures related to his private information and even if he had been those disclosures were not sufficient under the Video Privacy Protection Act ("VPPA"). ECF No. 29.

On September 10, 2024, Defendants filed their reply in support of their Motion to Dismiss. ECF No. 30 (the "Reply"). In their Reply, Defendants raise new issues for the first time that Plaintiff has not had an opportunity to address. As such, Plaintiff respectfully requests leave to file a sur-reply brief in support of his opposition to Defendants' Motion.

First, Defendants argue on reply that Plex, Inc. is entitled to equitable estoppel to enforce the Terms as a non-signatory and that Plex, Inc. can enforce the Terms as a subsidiary to Plex GmbH, which are arguments not raised in their Motion. Reply at 7-9. Ninth Circuit case law is

clear that Defendants' position is incorrect, especially given that Defendants argue in their own motion that "Plex Inc. is not a subsidiary of Plex GmbH." MTD at 11. As such, Plaintiff should be allowed to respond to this argument; he will demonstrate that Defendants' argument is without merit.

Second, Defendants argue for the first time on reply that the information collected by the Meta Pixel is purportedly not "personally identifiable" because Plaintiff has not alleged whether his Facebook profile is public or private. Reply at 12. The only argument related to this new issue found in Defendants' original Motion appears in passing in a footnote. MTD at 21, n.3. There, in the original Motion, the footnote note incorrectly states that Plaintiff fails to allege his Facebook ID is personally identifiable, an argument contradicted in both the allegations made in the FAC and the arguments found in Defendants' reply brief. Reply at 12. The footnote in the Motion does not argue whether a Facebook ID is personally identifiable as a matter of law.[1] By contrast, on reply, Defendants now argue that the Facebook ID is not personally identifiable as a matter of law, an argument Plaintiff should have the opportunity to oppose.

Given that these issues were raised for the first time on reply, Plaintiff requests an order allowing for Plaintiff to file a sur-reply brief so that he can respond to Defendants' new arguments.

Dated: September 17, 2024

**BURSOR & FISHER, P.A.**

By: *__/s/ Neal J. Deckant__*
Neal J. Deckant

Neal J. Deckant (State Bar No. 322946)
Joshua R. Wilner (State Bar No. 353949)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

[1] It also bears noting that Defendants fail to make a similar argument regarding Plaintiff's email address, which is also alleged to be collected by the Facebook Pixel and to be personally identifiable information under the VPPA and Cal. Civ. Code § 1799.3. Plaintiff's First Amended Complaint, ECF No. 21 ¶¶ 33, 44-47, 66, 82.

E-mail: ndeckant@bursor.com
jwilner@bursor.com
jglatt@bursor.com

*Attorneys for Plaintiff*

**[PROPOSED] ORDER**

UPON THE ADMINISTRATIVE MOTION of Plaintiff Richard Lee, it is hereby ordered:

Plaintiff may file a sur-reply to address the new issues raised in Defendants' reply brief. Plaintiff's sur-reply is due seven days after the order on this motion.

IT IS SO ORDERED.

Date: ____________________

________________________________
Hon. Eumi K. Lee
United States District Judge