**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
Joshua R. Wilner (State Bar No. 353949)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ndeckant@bursor.com
           jwilner@bursor.com
           jglatt@bursor.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br>     v.<br><br> PLEX, INC. and PLEX GMBH,<br><br>                              Defendants. | Case No. 5:24-cv-02386-EKL<br><br>**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE CLASS ACTION ALLEGATIONS**<br><br>Date:   October 30, 2024<br>Time:  10:00 a.m.<br>Courtroom:  7<br>Judge:  Hon. Eumi K. Lee |

**TABLE OF CONTENTS**

**PAGE(S)**

INTRODUCTION ..................................................................................................................................1

ARGUMENT .........................................................................................................................................2

I.     PLEX, INC. IS NOT ENTITLED TO EQUITABLE ESTOPPEL .......................................2

II.    PLAINTIFF ALLEGES HIS PERSONALLY IDENTIFIABLE
       INFORMATION WAS DISCLOSED ..................................................................................4

CONCLUSION ......................................................................................................................................5

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Ade v. Viki, Inc.*,
 2024 WL 1880153 (N.D. Cal. Mar. 28, 2024) .............................................................................. 5

*Ellington v. Eclipse Recreational Vehicles*,
 2022 WL 72351 (9th Cir. Jan. 7, 2022) ....................................................................................... 3

*Eminence Cap., L.L.C. v. Aspeon, Inc.*,
 316 F. 3d 1048 (9th Cir. 2003) .................................................................................................... 5

*Fan v. NBA Properties Inc.*,
 2024 WL 1297643 (N.D. Cal. Mar. 26, 2024) ............................................................................. 5

*Faucett v. Move, Inc.*,
 2024 WL 2106727 (C.D. Cal. Apr. 22, 2024) .......................................................................... 2, 3

*Goldman v. KPMG, LLP*,
 173 Cal. App. 4th 209 (2009) ...................................................................................................... 3

*Jackson v. Amazon.com, Inc.*,
 65 F. 4th 1093 (9th Cir. 2023) ..................................................................................................... 3

*Jackson v. Fandom, Inc.*,
 2023 WL 4670285 (N.D. Cal. July 20, 2023) .............................................................................. 5

*Kramer v. Toyota Motor Corp.*,
 705 F.3d 1122 (9th Cir. 2013) ................................................................................................. 2, 3

*Mollett v. Netflix, Inc.*,
 795 F.3d 1062 (9th Cir. 2015) ..................................................................................................... 4

*Murphy v. DirecTV, Inc.*,
 724 F.3d 1218 (9th Cir. 2013) ..................................................................................................... 2

*Sellers v. Bleacher Rep., Inc.*,
 2023 WL 4850180 (N.D. Cal. July 28, 2023) .............................................................................. 5

*Smith v. Google, LLC*,
 2024 WL 1171653 (N.D. Cal. Mar. 19, 2024) ......................................................................... 2, 4

*Soltero v. Precise Distribution, Inc.*,
 102 Cal. App. 5th 887 (2024) .................................................................................................. 2, 3

*Stafford v. Rite Aid Corp.*,
 998 F.3d 862 (9th Cir. 2021) ....................................................................................................... 3

*Stark v. Patreon, Inc.*,
    635 F. Supp. 3d 841 (N.D. Cal. 2022) .......................................................................................... 5

**RULES**

Fed. R. Civ. P. 15(a) ............................................................................................................................ 5

Plaintiff Richard Lee ("Plaintiff") respectfully submits this sur-reply to Defendants Plex GmbH and Plex, Inc.'s ("Defendants") Motion to Dismiss, Strike Class Allegations, or Compel Arbitration (ECF No. 22) (the "Motion" or "MTD").

**INTRODUCTION**

Realizing their Motion is doomed to fail on its own terms, Defendants improperly attempt a second bite at the apple, raising new arguments for the first time on reply. Plaintiff files this sur-reply to demonstrate these new arguments are equally without merit.

Defendants' Motion should be denied in its entirety. Plaintiff has already demonstrated in his Opposition to the Motion that: (1) he was not on notice of either the Plex Terms of Use (the "Terms") or the Plex Privacy Policy; (2) Defendant Plex GmbH is properly included in this action; (3) the Privacy Policy fails to provide an adequate disclosure as required by the VPPA; (4) Defendants' attempt to strike Plaintiff's class allegations are premature; (5) Defendant Plex, Inc. is not a party to the Terms; and (6) this action is outside of the scope of both the arbitration agreement and class action waiver contained in the Terms. ECF No. 29 ("MTD Opp").

Otherwise, the bulk of Defendants' Reply in Support of the Motion (ECF No. 30, the "Reply") focuses on attacking Plaintiff's declaration and raising new arguments for the first time.[1] Specifically, the first new argument Defendants raise is that the Terms encompass both Defendants, despite only Plex GmbH being named as a party in the contract, and, if Defendant Plex Inc. is not a party, that it is entitled to invoke the Terms under the doctrine of equitable estoppel. Reply at 6-11. Defendants' second new argument is purportedly not "personally identifiable" because Plaintiff has not alleged whether his Facebook profile is public or private. *Id*. at 12. Both of these arguments are without merit and do nothing to undo the strength of Plaintiff's pleadings. As such, Defendants' Motion should be denied.

---

[1] Plaintiff notes, again, that Defendants provide no evidence in either their Motion or Reply of how the "Create Your Free Account" screen appeared on Plaintiff's (or anyone's) web browser and, thus, fail to meet their burden to prove mutual assent to the Terms regardless of the sufficiency of Plaintiff's declaration.

# ARGUMENT

## I. PLEX, INC. IS NOT ENTITLED TO EQUITABLE ESTOPPEL

"[O]nly Defendant Plex GmbH is a party to the [] Terms." MTD Opp at 22. Defendants cite nothing from the Terms that suggests that Plex, Inc. should be included as a party despite not being named as such. In an effort to circumvent this plain fact, Defendants bring a new argument that "the conduct of Defendant [Plex Inc.] is substantially interdependent with the conduct of' Defendant [Plex GmbH]" such that Plex, Inc. is entitled to equitable estoppel. Reply at 8. This is wrong.

"[G]enerally only signatories to an arbitration agreement are obligated to submit to binding arbitration." *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1229 (9th Cir. 2013). "[I]f a plaintiff relies on the terms of an agreement to assert his or her claims against a nonsignatory defendant, the plaintiff may be equitably estopped from repudiating the arbitration clause of that very agreement." *Soltero v. Precise Distribution, Inc.*, 102 Cal. App. 5th 887, 893 (2024). However, "the doctrine is narrowly construed." *Faucett v. Move, Inc.*, 2024 WL 2106727, at *5 (C.D. Cal. Apr. 22, 2024). "The California courts have identified two circumstances where parties to an arbitration provision may be estopped, as a matter of fairness, from bringing claims against a nonparty in court: (1) when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are intimately founded in and intertwined with the underlying contract, and (2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and the allegations of interdependent misconduct are founded in or intimately connected with the obligations of the underlying agreement." *Smith v. Google, LLC*, 2024 WL 1171653, at *3 (N.D. Cal. Mar. 19, 2024). Defendants argue only that the second circumstance applies, but neither circumstance is present here.[2]

"The doctrine of equitable estoppel applies where a signatory raises allegations of substantially interdependent and concerted misconduct by both a nonsignatory and a signatory." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1132 (9th Cir. 2013). "California state contract

---

[2] For the sake of completeness, Plex, Inc. is also not entitled to equitable estoppel for the first circumstance, as Plaintiff did not rely on the Terms to bring his claims.

1  law does not allow a nonsignatory to enforce an arbitration agreement based upon a mere
2  allegation of collusion or interdependent misconduct between a signatory and nonsignatory," but
3  rather "only when the claims against the nonsignatory are founded in and inextricably bound up
4  with *the obligations imposed by the agreement containing the arbitration clause.*"  *Id* at 1133.
5  (quoting *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 219 (2009)) (emphasis in original).

6  "The plaintiff's actual dependence on the underlying contract in making out the claim against the nonsignatory is always the sine qua non of an appropriate situation for applying equitable estoppel."  *Soltero*, 102 Cal. App. 5th at 893 (cleaned up).  "However, if the plaintiffs' claims merely reference an agreement with an arbitration clause, equitable estoppel will not warrant compelling arbitration."  *Stafford v. Rite Aid Corp.*, 998 F.3d 862, 865-866 (9th Cir. 2021).  Here, Plaintiff asserts statutory claims that would not change if the Terms were not enforced and are, thus, not bound up with the obligations imposed by the Terms.  *See Ellington v. Eclipse Recreational Vehicles*, 2022 WL 72351 (9th Cir. Jan. 7, 2022) ("Even if Ellington had no purchase agreement with [the signatory to the agreement], his implied warranty claims against [the nonsignatory defendant] would remain unchanged.  Accordingly, the district court correctly denied the motion to compel arbitration."); *Jackson v. Amazon.com, Inc.*, 65 F. 4th 1093, 1102-03 (9th Cir. 2023) ("[A]lthough membership in Jackson's proposed class would require participation in the Amazon Flex program, the controversy in this case is ultimately not about any characteristics or conduct of class members, but whether Amazon is indeed liable for wiretapping and invasion of privacy.").

Further, Plaintiff "does not seek to simultaneously enforce" the Terms against Defendant "while attempting to avoid the arbitration provision."  *Faucett*, 2024 WL 2106727, at *5.  To the contrary, Plaintiff alleges, and repeats in his Opposition to the Motion, that he was not on notice of the Terms at all.  *See* MTD Opp at 2-10.  As such, the conduct alleged is not "founded in or inextricably bound up with the obligations imposed by the agreement containing the arbitration clause," the Terms.  *Kramer*, 705 F.3d at 1129.

Defendants' characterization of Plaintiff's "use of the Plex [website]," Reply at 10, merely makes his use of the website "one but-for causal link in a chain of events leading to the

circumstances underlying [Plaintiff's] claim[s]." *Smith*, 2024 WL 1171653 at *3. This is not enough to invoke equitable estoppel.

Defendants cite several cases for the idea that a subsidiary should be able to enforce a parent company's arbitration agreement under equitable estoppel. Reply at 8-9. But, Defendants admit in their own Motion that "Plex Inc. is not a subsidiary of Plex GmbH" and argue that the two companies are not closely related.[3] MTD at 11. As such, this argument is not applicable.

## II.  PLAINTIFF ALLEGES HIS PERSONALLY IDENTIFIABLE INFORMATION WAS DISCLOSED

Defendants also argue for the first time on reply that Plaintiff fails to allege a VPPA claim because the "FAC fails to allege whether Plaintiff's Facebook profile is public or private." Reply at 12. This argument misstates the law and Plaintiff's allegations.

As an initial matter, Plaintiff is only required to allege that "the defendant disclosed 'personally identifiable information concerning any customer' to 'any person.'" *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015). By alleging that his Facebook ID and email address were transmitted to Meta, he has done so. FAC ¶ 82 ("Defendants utilized the Meta Tracking Pixel to compel Plaintiff's and Class members' web browser to transfer his identifying information, like the Facebook ID and hashed email address[.]"); *id.* ¶ 42 ("A Facebook ID is personally identifying. Anyone can identify a Facebook profile—and all personal information publicly listed on that profile."); *id.* ¶ 43 ("Through the Meta Tracking Pixel's code, these cookies combine the identifiers with the event data, allowing Meta to know, among other things, that a given consumer subscribed to Plex, requested a video, and the name of that video."); *id.* ¶ 44, 47 ("[W]hen a subscriber logs into Plex in the browser they accessed their Facebook account, Meta is sent the email address used to log in to the site… Meta matches the email addresses it receives to the email addresses of Facebook users, which is used to create and access a Facebook account."); *id.* ¶ 66 ("When Plaintiff watched videos on Plex, Defendants disclosed his event data, which recorded and

---

[3] Defendants appear to have conceded this argument on reply in order to make their new equitable estoppel argument appear more credible.

disclosed the video's title to Meta. Defendants also disclosed identifiers for Plaintiff, including the c_user and fr cookies and hashed email to Meta.").

Numerous courts in this District have denied motions to dismiss on similar allegations of VPPA violations via the Facebook Pixel. *See, e.g.*, *Fan v. NBA Properties Inc.*, 2024 WL 1297643, at *2 (N.D. Cal. Mar. 26, 2024) ("Fan alleges that a Facebook ID is personally identifiable information because it 'allows anybody ... to identify the individual [] purchaser' and 'all personal information publicly listed on that profile.' The Court finds that this is sufficient as a pleading matter."); *Ade v. Viki, Inc.*, 2024 WL 1880153, at *2 (N.D. Cal. Mar. 28, 2024) ("The complaint alleges that an FID 'uniquely identifies an individual's Facebook account,' 'which generally contains a wide range of demographic and other information about the member, including pictures, personal interests, work history, relationship status, and other details,' and anyone 'can use the FID to quickly and easily locate, access, and view the member's corresponding Facebook profile.' These allegations plausibly plead that the plaintiffs' FIDs are PII under the Ninth Circuit's "ordinary person" standard."); *Sellers v. Bleacher Rep., Inc.*, 2023 WL 4850180, at *4 (N.D. Cal. July 28, 2023) ("The FID is a unique identifier that is enough, on its own, to identify a person."); *Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 853 (N.D. Cal. 2022) (denying motion to dismiss VPPA claim and stating that "Patreon notes that Plaintiffs have not specifically alleged that their Facebook profiles included their real names or that Patreon knew that these individuals in particular had Facebook profiles, but cites no authority applying that granular a test, particularly at the pleading stage"); *Jackson v. Fandom, Inc.*, 2023 WL 4670285, at *4 (N.D. Cal. July 20, 2023). At best, "[D]efendants' arguments largely raise factual questions that should be decided on a full factual record." *Fan*, 2024 WL 1297643, at *2.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion should be dismissed in its entirety. However, if the Court grants Defendants' motion, the Court should give Plaintiff leave to amend. *See* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"); *Eminence Cap., L.L.C. v. Aspeon, Inc.*, 316 F. 3d 1048, 1051 (9th Cir. 2003) ("This policy is to be applied with extreme liberality.").

Dated: September 26, 2024          **BURSOR & FISHER, P.A**.

By:  */s/ Joshua B. Glatt*
              Joshua B. Glatt

Neal J. Deckant (State Bar No. 322946)
Joshua R. Wilner (State Bar No. 353949)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ndeckant@bursor.com
              jwilner@bursor.com
              jglatt@bursor.com

*Attorneys for Plaintiff*