Christopher J. Seusing *(Admitted Pro Hac Vice)*
cseusing@wshblaw.com
Sean V. Patel *(Pro Hac Vice Admission Forthcoming)*
spatel@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
685 3rd Avenue, 18th Floor
New York, NY 10017
Tel: 475-755-7050

Jacob P. Wilson (State Bar No. 331448)
jwilson@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
10960 Wilshire Boulevard, 18th Floor,
Los Angeles, CA 90024
Tel: 310-481-7702

*Attorneys for Defendants,*
*PLEX, INC. AND PLEX GMBH*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLEX, INC. and PLEX GMBH,<br><br>Defendants. | Case No. 5:24-cv-02386-EKL<br><br>**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S MEMORANDUM[1] IN RESPONSE TO PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND STRIKE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS OR TRANSFER VENUE**<br><br>Date: October 30, 2024<br>Time: 10:00 a.m.<br>Courtroom: 7<br>Judge: The Honorable Eumi K. Lee |

---

[1] By submitting this Memorandum, Defendants deny all of the arguments and allegations contained in Plaintiff's Opposition and Sur-Reply (ECF. No. 29, 34) even if not specifically addressed herein.

-i-

**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S MEMORANDUM[1] IN RESPONSE TO PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND STRIKE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION**

# TABLE OF CONTENTS

**PAGE(S)**

I. PLEX REQUESTS THIS COURT STRIKE ALL REFERENCE TO ISSUES NOT IDENTIFIED IN PLAINTIFF'S ADMINISTRATIVE MOTION ........................................1

II. PLEX INC. IS ENTITLED TO EQUITABLE ESTOPPEL ......................................................1

    A. Plex Inc. is entitled to equitable estoppel because a parent-subsidiary relationship exists between it and Plex GmbH..............................................................1

    B. The cases Plaintiff relies on within his Sur-reply are factually distinguishable as they do not involve a parent-subsidiary or agency relationship ...................................................................................................................2

III. PLAINTIFF FAILS TO ALLEGE THE INFORMATION ALLEGEDLY TRANSMITTED WAS PERSONALLY IDENTIFIABLE .................................................3

IV. CONCLUSION ........................................................................................................................6

-ii-

**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S MEMORANDUM[1] IN RESPONSE TO PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND STRIKE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS OR TRANSFER VENUE**

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

# TABLE OF AUTHORITIES

**PAGE(S)**

<u>**CASES**</u>

*Faucett v. Move, Inc.*,
2024 WL 2106727 (C.D. Cal. Apr. 22, 2024) .................................................................... 2,3

*Heerde v. Learfield Commc'ns, LLC,*
No. 2:23-CV-04493-FLA (MAAX), 2024 WL 3573874 (C.D. Cal. July 19, 2024) ........... 3,4

*Hodges v. Hertz Corp.,*
351 F. Supp. 3d 1227 (N.D. Cal. 2018) ............................................................................. 4

*In re Hulu Priv. Litig.,*
No. C 11–03764 LB, 2014 WL 1724344 (N.D. Cal. Apr. 28, 2014) ................................. 4

*In re Nickelodeon Consumer Priv. Litig.,*
827 F.3d 262 (3d Cir. 2016) ............................................................................................. 4,5

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ............................................................................................. 4

*Marselian v. Wells Fargo & Co.*
514 F. Supp. 3d 1166 (N.D. Cal. 2021) ............................................................................ 2

*Metalclad Corp. v. Ventana Envtl. Organizational P'ship,*
109 Cal. App. 4th 1705,1 Cal.Rptr.3d 328 (2003) ........................................................... 1

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) ............................................................................................................. 2

*Murphy v. DirecTV, Inc.*,
724 F.3d 1218 (9th Cir. 2013) .......................................................................................... 2,3

*Naria v. Trover Sols., Inc.,*
967 F. Supp. 2d 1332 (N.D. Cal. 2013) ............................................................................ 1,2

*Prograph Int'l Inc. v. Barhydt,*
928 F. Supp. 983, 990 (N.D. Cal. 1996) ........................................................................... 1

*Soltero v. Precise Distribution, Inc.*,
102 Cal. App. 5th 887 (2024) ........................................................................................... 3

-iii-
**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S MEMORANDUM[1] IN RESPONSE TO PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND STRIKE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS OR TRANSFER VENUE**

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

*Southland Corp. v. Keating*,
465 U.S. 1 (1984) .................................................................................................. 2

*Wilmot v. McNabb,*
269 F.Supp.2d 1203 (N.D.Cal.2003) ..................................................................... 1

**OTHER AUTHORITY**

Cal. Civ. Code § 3521 .............................................................................................. 1

Federal Rule of Evidence 201(b) ............................................................................. 4

Federal Rule of Evidence 201(d) ............................................................................. 4

H.R. Rep. No. 112-312 (2011) .................................................................................. 5

-iv-

**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S MEMORANDUM[1] IN RESPONSE TO PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND STRIKE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS OR TRANSFER VENUE**

## I. PLEX REQUESTS THIS COURT STRIKE ALL REFERENCE TO ISSUES NOT IDENTIFIED IN PLAINTIFF'S ADMINISTRATIVE MOTION

Pursuant to Your Honor's Order (ECF. No. 33), Plaintiff's Sur-reply was required to be "limited in scope to the issues identified in Plaintiff's administrative motion" (ECF. No 32), which includes whether (i) Plex Inc. is entitled to equitable estoppel to enforce the arbitration agreement and (ii) whether a Facebook ID ("FID") constitutes personally identifiable information. Notwithstanding, within Plaintiff's Sur-reply (ECF. No. 34), Plaintiff inequitably attempts to argue additional issues that were not raised in its administrative motion. *See* ECF No. 34, fn. 1,3. Accordingly, Defendants request that these references by stricken pursuant to Fed. R. Civ. P. 12(f).

## II. PLEX INC. IS ENTITLED TO EQUITABLE ESTOPPEL

### A. Plex Inc. is entitled to equitable estoppel because a parent-subsidiary relationship exists between it and Plex GmbH

Within Plaintiff's Sur-reply (ECF No. 34), Plaintiff alleges in a conclusory manner, without citing to any legal authority, that Plex Inc. should not be able to enforce an arbitration agreement under a theory of equitable estoppel because "Plex Inc. is not a subsidiary of Plex GmbH." *See Id.*, pg. 4. Notwithstanding, Plaintiff strategically ignores the numerous cases cited by Plex Inc. within its Reply (ECF No. 30) where this Court rejected this argument. *See Id.*, pg. 8-9. For instance, in *Naria v Trover Sols., Inc.,* this Court held "when charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer those claims against the parent to arbitration… This is true even if the parent is not formally a party to the arbitration agreement." *Id.*, 514 F. Supp. 3d 1166, 1172 (N.D. Cal. 2021) (*citing Wilmot v. McNabb,* 269 F.Supp.2d 1203, 1208 (N.D.Cal.2003)); *see also Metalclad Corp. v. Ventana Envtl. Organizational P'ship, 109 Cal. App. 4th 1705, 1718–19, 1 Cal.Rptr.3d 328* (2003) (*r*uling that a signatory to an arbitration agreement could not "avoid the arbitration obligation imposed by its underlying agreement with [a subsidiary]" by suing the parent company, reasoning that "[h]e who takes the benefit must bear the burden.") (*citing* Cal. Civ. Code § 3521)); *Prograph Int'l Inc. v. Barhydt, 928 F. Supp. 983, 990* (N.D. Cal. 1996) ("Agency principles have been held to permit nonsignatory corporations to compel arbitration under arbitration clauses signed by their corporate…subsidiaries,

-1-

**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S MEMORANDUM[1] IN RESPONSE TO PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND STRIKE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS OR TRANSFER VENUE**

or affiliates, at least when the allegations against the nonsignatory corporation do not differ substantially from those against its signatory affiliate." Here, Plex Inc. is the parent company of Plex GmbH. *See* ECF No. 22, Declaration of Angelo Spenillo, ¶ 8. Furthermore, the charges against Plex Inc. and Plex GmbH are based on the same facts and are inherently inseparable because Plaintiff alleges that "together with Plex GmbH, Defendant Plex, Inc. offers the interactive Plex streaming service", which Plaintiff alleges serves the underlying basis for his claims. *See* FAC, at ¶ 7. Accordingly, as Plaintiff has not cited to any legal authority which disrupts this Court's decision in *Naria, Prograph*, or *Wilmot*, this Court should follow is precedent and hold Plex Inc. is entitled to enforce the arbitration agreement under a theory of equitable estoppel. Within Plaintiff's Opposition (ECF. No. 29) and Sur-reply, Plaintiff alleges this matter should be bifurcated, requiring Plex GmbH to proceed with arbitration while at the same time requiring Plex Inc. to try the same case in district court. Notwithstanding, such argument fails to promote judicial economy, leads to a distorted outcome with the potential for inconsistent rulings, and also ignores the "national policy favoring arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). Indeed, Plaintiff's bifurcation argument was rejected in *Marselian v. Wells Fargo & Co.,* where this Court held that "if the parent corporation was forced to try the case, the arbitration proceedings would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted." *Id*., 514 F. Supp. 3d 1166, 1172 (N.D. Cal. 2021). Furthermore, even assuming, *arguendo*, there is a doubt whether Plex Inc. is entitled to enforce the arbitration agreement under a theory of equitable estoppel, the Supreme Court has made clear that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

**B.   The cases Plaintiff relies on within his Sur-reply are factually distinguishable as they do not involve a parent-subsidiary or agency relationship**

Within Plaintiff's Sur-reply, Plaintiff alleges that "[g]enerally only signatories to an arbitration agreement are obligated to submit to binding arbitration" and the "doctrine [of equitable estoppel] is narrowly construed. *See* ECF No. 34, pg. 2 (*citing Murphy v. DirecTV, Inc*., 724 F.3d 1218, 1229 (9th Cir. 2013); *Faucett v. Move, Inc*., 2024 WL 2106727, at *5 (C.D. Cal. Apr. 22,

2024)). Notwithstanding, *Murphy* actually favors Defendants because the Ninth Circuit expressly held that in California a "nonsignatory to an agreement to arbitrate may be required to arbitrate, and may invoke arbitration against a party, if a preexisting confidential relationship, such as an agency relationship between the nonsignatory and one of the parties to the arbitration agreement, makes it equitable to impose the duty to arbitrate upon the nonsignatory." *Id.*, 724 F.3d 1218, 1232. Furthermore, as explained above, a parent-subsidiary relationship falls within the exception to the alleged narrow construction of the doctrine of equitable estoppel. Within Plaintiff's Sur-reply, Plaintiff again also relies on the same cases it cites to in its Opposition (ECF No. 29), such as *Murphy,* and *Soltero v. Precise Distribution, Inc.*, 102 Cal. App. 5th 887 (2024). Notwithstanding Plaintiff fails to address, and therefore concedes, the arguments made by Defendants in Reply that these case are factually distinguishable because the defendants in those matters did not involve a parent-subsidiary or principal-agent relationship. For instance, in *Soltero*, the defendant attempted to enforce an arbitration agreement that was made between plaintiff and an independent staffing agency even though the staffing agency was not a party to the action and was not affiliated with the defendant. *See Id*, 102 Cal. App. 5th 887, 890-92. Similarly, in *Murphy*, the Ninth Circuit expressly denied Best Buy's motion to compel arbitration because "the supplier-retailer relationship is insufficient to render Best Buy DirecTV's agent." 724 F.3d 1218, 1233.

### III.   PLAINTIFF FAILS TO ALLEGE THE INFORMATION ALLEGEDLY TRANSMITTED WAS PERSONALLY IDENTIFIABLE

In Plaintiff's Sur-reply, Plaintiff alleges that he has satisfied the "personally identifiable" prong within the VPPA because he alleges that "his Facebook ID and email address were transmitted to Meta[.]" *See* ECF No. 34, pg. 4. Notwithstanding, Plaintiff fails to address, and therefore concedes, the holding in *Heerde v. Learfield Commc'ns, LLC*, which was cited to by Defendants in its Reply, which held that a person's FID cannot be used to identify that person unless "the person's

Facebook profile is publicly accessible[.]" *Id*., No. 2:23-CV-04493-FLA (MAAX), 2024 WL 3573874, at *4 (C.D. Cal. July 19, 2024). Furthermore, in dismissing plaintiff's VPPA claim, the court in *Heerde* took judicial notice of an online article[2] published by Facebook explaining who can view a user's Facebook page and held "private profiles may not be viewable even if someone has the FID." *See Id*. (*citing Control who Can see your Facebook page, Facebook.*). Akin to the article relied on by the Court in *Heerde*, Facebook published an additional online article[3] which states a "User ID is a string of numbers that doesn't personally identify you[.]" *See How usernames and user IDs are used on Facebook profiles, Facebook*.[4] Consistent with Facebook's own explanation that a FID is not a personal identifier but rather a static digital identifier, the Third Circuit similarly identified that "numerous district courts have grappled with the question of whether the Video Privacy Protection Act applies to static digital identifiers. Most have followed the rule adopted in *In re Hulu Privacy Litigation* [where] the court there concluded that static digital identifiers that could, in theory, be combined with other information to identify a person do not count as 'personally

---

[2] https://www.facebook.com/help/150193685051184/

[3] https://www.facebook.com/help/211813265517027)

[4] "A court has the discretion to consider new evidence presented on reply, particularly if the new evidence appears to be a reasonable response to the opposition." *Hodges v. Hertz Corp.,* 351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018); *see also* Federal Rule of Evidence 201(d) ("The court may take judicial notice at any stage of the proceeding"). Accordingly, pursuant to Federal Rule of Evidence 201(b), Plex requests this Court take judicial notice of the publicly facing Facebook webpages cited within footnote one and two, hereto. *See Heerde 2024 WL 3573874, at *4*, fn. 2 (granting judicial notice of Facebook's website) (*citing Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

identifiable information' under the Act, at least by themselves." *In re Nickelodeon Consumer Priv. Litig.,* 827 F.3d 262, 283 (3d Cir. 2016) (*citing In re Hulu Priv. Litig.,* No. C 11–03764 LB, 2014 WL 1724344, at *11 (N.D. Cal. Apr. 28, 2014) (listing cases). Accordingly, here Plaintiff fails to satisfy the "personally identifiable" prong because a FID is merely a static digital identifier and Plaintiff fails to allege whether his Facebook privacy setting was set to public during the time he allegedly used Plex Inc.'s services.

Within Plaintiff's Sur-reply, Plaintiff alleges that numerous courts in the district have held that a FID constitutes personally identifiable information. *See* ECF No. 34, pg. 5 (listing purported cases). Notwithstanding, the cases cited to by Plaintiff do not cite to or analyze the recent Facebook articles identified by Defendants above. Furthermore, the cases ignore the legislative history of the VPPA. Specifically, as the Third Circuit explained, "Congress amended the Video Privacy Protection [Act] in 2013…The legislative history of the 2013 amendments demonstrates that Congress was keenly aware of how technological changes have affected the original Act…Despite this recognition, Congress did not update the definition of personally identifiable information in the statute." *In re Nickelodeon Consumer Priv. Litig.* (*citing* H.R. Rep. No. 112-312, at 3 (2011)). Notably, Congress "chose not to do so despite the fact that the…Electronic Privacy Information Center…propose[d] the addition of…account identifiers to the definition of [personally identifiable information.]" *Id*. Accordingly, Congress did not intend for a FID to be included within the VPPA's definition of personally identifiable information. Lastly, Plaintiff fails to satisfy the "personally identifiable" prong because as common sense dictates, an email address is not required to include personal information, but rather can include any combination of random letters, numbers, and special characters chosen by the user. Accordingly, here Plaintiff fails to satisfy his pleading requirements because he fails to allege the specific characters that make up his email address.

/ / /

## IV. CONCLUSION

WHEREFORE, Defendants request this court dismiss this matter in its entirely and strike class allegations; or alternatively compel arbitration. Defendants seek such further relief as appears equitable.

DATED: October 1, 2024            **WOOD, SMITH, HENNING & BERMAN LLP**

By: /s/ Jacob P. Wilson
JACOB P. WILSON
CHRISTOPHER J. SEUSING
(*Admitted Pro Hac Vice*)
SEAN V. PATEL
(*Pro Hac Vice Admission Forthcoming*)
**Attorneys for Defendants, PLEX, INC. AND PLEX GMBH**

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2024, I electronically filed the foregoing **DEFENDANT PLEX, INC.'S AND PLEX GMBH'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND STRIKE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS OR TRANSFER VENUE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Neal J. Deckant, Esq.<br>Joshua R. Wilner, Esq.<br>Joshua B. Glatt, Esq.<br>**BURSOR & FISHER, P.A.**<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>ndeckant@bursor.com<br>jwilner@bursor.com<br>jglatt@bursor.com | ***ATTORNEYS FOR PLAINTIFF*** |

*/s/ Teresa Cabanday*
Teresa Cabanday