Christopher J. Seusing *(Admitted Pro Hac Vice)*
cseusing@wshblaw.com
Sean V. Patel *(Pro Hac Vice Admission Forthcoming)*
spatel@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
685 3rd Avenue, 18th Floor
New York, NY 10017
Tel: 475-755-7050

Jacob P. Wilson (State Bar No. 331448)
jwilson@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Tel: 310-481-7600

***Attorneys for Defendants, Plex, Inc. and Plex GmbH***

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD LEE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLEX, INC. and PLEX GMBH,<br><br>Defendants. | Case No. 5:24-cv-02386-EKL<br><br>[*The Honorable Eumi K. Lee Presiding, Courtroom 7, 4th Floor*]<br><br>**DEFENDANTS PLEX, INC. AND PLEX GMBHS' STATEMENT OF RECENT DECISION IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS OR TRANSFER VENUE**<br><br>Date: October 30, 2024<br>Time: 9:15 a.m.<br>Courtroom: 7, 4th Floor<br>Judge: The Honorable Eumi K. Lee<br><br>Date Filed: April 22, 2024<br>Trial Date: None Set |

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

COMES NOW Defendants Plex, Inc. and Plex GmbH ("Defendants"), hereby file this Notice of Supplemental Authority.

**DEFENDANTS' SUPPLEMENTAL AUTHORITY**

Pursuant to Rule 7-3 (d)(2) of the Civil Local Rules of the United States District Court for the Northern District of California, Defendants hereby submit the Order on Motion to Dismiss entered by the United States District Court for the Central District of California on September 27, 2024 in *Smith v. Trinity Broadcasting of Texas, Inc., et al.,* 8:24-cv-01046-JVS-ADS (C.D Cal.) (attached as **Exhibit "A"**) as supplemental authority in support of Defendants' Motion to Dismiss and Strike Class Allegations, or in the Alternative to Compel Arbitration on an Individual Basis or Transfer Venue. The decision is relevant to Defendants' argument that a Facebook ID is not a personal identifier where a plaintiff fails to allege the privacy settings of his Facebook page. (See ECF Nos. 22, 30, and 35).

The Order is attached as **Exhibit "A."**

DATED: October 29, 2024

**WOOD, SMITH, HENNING & BERMAN LLP**

By: */s/ Jacob P. Wilson*
JACOB P. WILSON
CHRISTOPHER J. SEUSING
*(Admitted Pro Hac Vice)*
SEAN V. PATEL
*(Pro Hac Vice Forthcoming)*
***Attorneys for Defendants, PLEX, INC., AND PLEX GMBH***

# EXHIBIT A

2024 WL 4394557
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

Leah SMITH
v.
TRINITY BROADCASTING OF TEXAS, INC. et al.

Case No. 8:24-cv-01046-JVS-ADS
|
Filed September 27, 2024

**Attorneys and Law Firms**

Gillian L. Wade, Marc Alexander Castaneda, Sara D. Avila, Wade Kilpela Slade LLP, Santa Monica, CA, James Allen Carney, Pro Hac Vice, Joseph Henry Bates, III, Samuel R. Jackson, Pro Hac Vice, Carney Bates and Pulliam, PLLC, Little Rock, AR, for Leah Smith.

Isabelle Louise Ord, Jeanette Thurber Barzelay, DLA Piper LLP, San Francisco, CA, Rajiv S. Dharnidharka, Foley and Lardner LLP, San Francisco, CA, Ashleigh Angeletti, Oliver Moody Kiefer, DLA Piper LLP U.S., San Diego, CA, John Joseph Atallah, Foley and Lardner LLP, Los Angeles, CA, for Trinity Broadcasting of Texas, Inc.

**Proceedings: [IN CHAMBERS] Order Regarding Motion to Dismiss [22]**

James V. Selna, United States District Court Judge

***1** Before the Court is Defendant Trinity Broadcasting of Texas, Inc.'s ("Trinity Broadcasting") Motion to Dismiss Plaintiff Leah Smith's ("Smith") First Amended Class Action Complaint ("FAC"). (Dkt. No. 22). Smith opposed. (Opp'n, Dkt. No. 27.) Smith relied. (Reply, Dkt. No. 28.)

For the following reasons, the Court **GRANTS** the motion to dismiss without prejudice. The Court finds that oral argument would not be helpful in this matter and **VACATES** the September 30, 2024 hearing. Fed. R. Civ. P. 78; UR. 7-15.

## I. BACKGROUND

The following facts are taken from Smith's FAC. (Dkt. No. 18.) The Defendant is Trinity Broadcasting, a corporation that offers online streaming video services to its subscribers on TBNplus.com (the "Website"). (FAC, at 2). The plaintiff, Smith is a subscriber of this Website. (Id. ¶ 1.)

Relevant to this case is Meta's unique string of code, known as Meta Pixel, which transmits subscribers' online activity and information to Meta. (Id. ¶ 19.) The disclosed information includes (1) the title of the video viewed; (2) its URL, and (3) the user's Facebook ID ("FID"), a string of numbers associated with a user's Facebook profile, identified as the "c_user" value. (Id. ¶¶ 3, 36, 40, 42.) Meta promotes its Pixel tool because it compiles users' profiles and provides businesses with unmatched advertising capabilities. (Id. ¶¶ 19–22.)

In 2022, Smith created an account on the Website to request and obtain prerecorded episodes of, among other prerecorded content, "Better Together." (Id. ¶¶ 51–51.) She is also a Facebook user and had a Facebook profile while she was a subscriber of the Website. (Id. ¶ 53.) Smith alleges that Trinity Broadcasting "purposefully installed and programmed" Meta Pixels into the Website's operation so consumers' personally identifiable information ("PII") would be shared with Meta. (Id. ¶ 23.)

Smith filed this class action complaint against Trinity for knowingly disclosing consumers' PII to Meta without their consent, violating the federal Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA").

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the Client pleads facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Most succinctly stated, a pleading must

set forth allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Courts must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). Courts also "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). "In keeping with these principles[,] a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.

***2** Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

## III. DISCUSSION

Trinit moves to dismiss Smith's claims for violations of the VPPA. (Dkt. No. 22). Congress enacted the VPPA to ensure consumers retain control over their personal information. Eichenberger v. ESPN, Inc., 876 F.3d 979, 983 (9th Cir. 2017). The VPPA restricts video tape service providers from disclosing personally identifiable information concerning consumers except under certain circumstances. 18 U.S.C. § 2710(b). To successfully bring a claim under VPPA, a plaintiff must allege that (1) the defendant is a "video tape service provider," who delivers "prerecorded video cassette tapes or similar audio visual materials," (2) the defendant disclosed a plaintiff's "personally identifiable information" to "any person," (3) the disclosure was made "knowingly," and (4) the disclosure does not fall under the exceptions under § 2710(b)(2). Id.; Mollett v. Netflix, Inc., 795 F.3d 1062, 1066 (9th Cir. 2015). Smith pleaded, and Trinity does not dispute, that Trinity is a video tape service provider. However, the parties disagree on the second and third elements.

### *A. Whether Trinity disclosed personally identifiable information (PII)*

First, the Court addresses whether Trinity disclosed Smith's PII. A PII encompasses only information that "readily permit[s] an *ordinary person* to identify" an individual. Eichenberger., 876 F.3d at 985–86 (quoting In re Nickelodeon Consumer Privacy Litig., 827 F.3d 262, 267 (3d Cir. 2016)) (emphasis added). While the disclosure of solely names and addresses of consumers is not enough to violate VPPA, they still qualify as PII. 18 U.S.C. § 2710(b)(2)(D); see id. Other PII that enables an ordinary person to identify an individual may include an individual's name and telephone number, an individual's name and birthday, GPS coordinates of a particular device, a Facebook link, or an email address. See Eichenberger, 876 F.3d at 986; see also Yershov v. Gannett Satellite Info. Network, Inc., 820 F.3d 482, 486 (1st Cir. 2016).

Smith alleges that Trinity disclosed information–users' FID and titles of the videos they watched–that would enable an ordinary person to discern the subscribers' identities (FAC ¶ 39.) The FID is unique to each user and corresponds to one's profile page. (See FAC ¶¶ 41–43). This information can be found by simply appending the FID to "https://www.facebook.com/" on a browser's search bar. (Id.) Trinity contends that an ordinary person would not know the significance of the string of numbers that form the FID. (Mot., 5.) But the question is whether an ordinary person *can* readily identify an individual with the PII, not whether one *would* in fact do so. Regarding this question, the court agrees with Smith that any ordinary person may readily locate another's Facebook profile using the FIB.

However, Trinity's position is more nuanced: even if an ordinary person could locate Smith's Facebook profile using her unique FID and the title of the videos she watched, her profile page would not yield any identifying information. (Id. at 5–6.) Smith's claim essentially hinges on the argument that a user's FID is also a PII. To qualify as a PII, it must disclose more than information that would narrow the pool to potential individuals. See, e.g., Eichenberger, 876 F.3d at 985; Heerde v. Learfield Commc'ns, LLC, No. 2:23-CV-04493-FLA (MAAX), 2024 WL 3573874, at *3 (C.D. Cal. July 19, 2024). It must include "sufficient identifying information" such as "name, gender, birthday, place of residence, career, education history, photographs, and content of posts." Heerde, 2024 WL 3573874, at *4. For example, in Eichenberger, the court held a device serial number and the name of the videos the plaintiff watched on ESPN does not enable an ordinary person to identify the viewer because it only produced a "sizeable pool of possible viewers." 876 F.3d at 985. On the contrary, the court in Yershov v. Gannett Satellite Information Network found that the GPS location of an individual's mobile device at the time plaintiff viewed

 © 2024 Thomson Reuters. No claim to original U.S. Government Works. 

the video would allow most people to likely identify the individual, his home, and work address. 820 F.3d 482, 486 (1st Cir. 2016). Although Trinity cites to cases from other districts, they generally support the proposition that a PII requires more than a user's FID. (See Mot., 5–6.)

***3** Here, Smith fails to allege that her FID provides sufficient identifying information. To claim that her FID permits Meta to identify Smith, she must establish that (1) her Facebook profile is publically accessible and (2) includes sufficient identifying information. (Id.) However, Smith does not indicate that her profile is public and contains any identifying information or photos. Rather than allege what is on her personal Facebook profile, Smith merely states that the FID is PII because leads others to her personal profile. (FAC ¶ 54; see Mot., at 6.) Despite having the opportunity to amend her complaint, she still failed to allege that her profile is public and includes personal identifying information. Therefore, based on Smith's factual allegations in the FAC, the Court cannot draw a reasonable inference that Smith's FID and the title of the video she viewed, alone, could be used to specifically identify Smith.

*B. Whether Trinity disclosed the PII "knowingly"*

Next, the Court considers the fourth element. Trinity argues that this element requires Smith to "plausibl[y] plead that [it] knew Meta would actually pair [Smith's] FID and the URLs of the videos watched to 'reconstruct PII.' " (Mot., at 7.) However, this element does not require plaintiffs to allege that a third party would in fact use this information, but only that the defendant knowingly disclosed information that could be used to identify an individual.

Trinity further claims that it never knew Smith's FID so it could not have disclosed this information. (Reply. at 7.) A user's FID is not stored by a website but on the user's browser after he or she creates a Facebook account. (Id. at 4.) However, Smith provides sufficient allegations in her FAC to plead that Trinity knew the FIDs would be transmitted by a user's browser due to its installation of Pixel on their Website. (FAC ¶¶ 24–26.; 32–33). Trinity does not deny its usage of Pixel technology. To use Pixel, website operators must install the Meta Pixel. When downloading the code, Pixel users are notified that the information collected can be used to track the users' actions and conversations, as well as locate customers to target ads. (Id. ¶¶ 26–31.) Smith also provides evidence that Trinity programmed Pixel on its Website to share beyond the default categories. (Id. ¶ 32.)

In sum, Smith plausibly pleads that her FID was knowingly disclosed but has not convincingly alleged that Trinity disclosed personally identifiable information by sharing her FID.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss with leave to amend within twenty days.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2024 WL 4394557

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2024, I electronically filed the foregoing **DEFENDANTS PLEX, INC. AND PLEX GMBHS' STATEMENT OF RECENT DECISION IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS OR TRANSFER VENUE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Neal J. Deckant, Esq.<br>Joshua R. Wilner, Esq.<br>Joshua B. Glatt, Esq.<br>**BURSOR & FISHER, P.A.**<br>1990 North California Blvd., Ste 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>ndeckant@bursor.com<br>jwilner@bursor.com<br>jglatt@bursor.com | ***Attorneys for Plaintiff, RICHARD LEE*** |

/s/ TAC
Teresa Cabanday