**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
Joshua R. Wilner (State Bar No. 353949)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
jwilner@bursor.com
jglatt@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD LEE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLEX, INC. and PLEX GMBH,<br><br>Defendants. | Case No. 5:24-cv-02386-EKL<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE CLASS ACTION ALLEGATIONS**<br><br>Judge: Hon. Eumi K. Lee |

Pursuant to the Court's March 3, 2025 Order (ECF No. 44) Plaintiff Richard Lee ("Plaintiff") respectfully submits this Supplemental Brief in Opposition to Defendants Plex GmbH and Plex, Inc.'s ("Defendants") Motion to Dismiss, Strike Class Allegations, or Compel Arbitration (ECF No. 22) (the "Motion" or "MTD").

On February 27, 2025, the Ninth Circuit's ruling in *Chabolla v. ClassPass Inc.*, No. 23-15999, 2025 WL 630813 (9th Cir. Feb. 27, 2025) affirmed the denial of a motion to compel arbitration. The Ninth Circuit found that the defendant had not carried its burden to show adequate notice and an unambiguous manifestation of assent to terms of use on a webpage – which is remarkably similar to the webpage at issue in Defendants' Motion in this case. The first *Chabolla* webpage (called "Screen 1" by the Ninth Circuit) and the webpage at issue in this case here are reproduced below:




*Chabolla*, 2025 WL 630813 at Appendix.







Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF No. 29) (the "MTD Opp") at 4.

The *Chabolla* court found that Screen 1 suffered from the same deficiencies that Defendants' sign-up page suffers here. Specifically, the Ninth Circuit found that "[t]he notice of additional terms is found ***below*** the 'Sign up with Facebook' option on the periphery of where a user intending to use their email would be looking. A reasonably prudent user would likely click 'Continue' and read no further if she had no intention of using Facebook." *Chabolla*, 2025 WL 630813 at *6-7 (emphasis added).

The same is true for Plaintiff here who used the "Continue with Facebook" button to access the Plex streaming service. *See* First Amended Class Action Complaint ("FAC") ECF No. 21, ¶ 64. Indeed, "a consumer creating a Plex account with Google, Facebook, or Apple can do so without scrolling to the bottom-screen notices of any of Defendants' terms of service." *Id.* ¶ 54.

Even if a user creates an account with their email, Defendants' "notice seems to fade into the irrelevancy of other aspects of the page." *Chabolla,* 2025 WL 630813, at *6. "Because of the notice's distance from relevant action items, its placement outside of the user's natural flow, and its font—notably timid in both size and color," the Ninth Circuit "[found] that [the notice] is 'deemphasized by the overall design of the webpage' and not 'prominently displayed' on screen 1." *Id.* at *6-7. The notice on Defendants' webpage here is *even further* from the relevant action items than the links in *Chabolla*. And, Defendants' font size and terms here are more "timid" than those in *Chabolla* which featured bright-blue links. *See also Gill v. Chipotle Mex. Grill, Inc.*, 2025 WL 287320, at *5 (C.D. Cal. Jan. 23, 2025) ("'The Court will not depart from the overall trend that finds hyperlinks must be offset in a more obvious way than the underling or [bolding] used on the [Chipotle] sign-up pages[.]'") (internal citation omitted) (bracketing in original).

Defendants may argue that the "Sign up with Facebook" screen the user sees after selecting "Continue with Facebook" redeems their deficient webpage. But there is no language indicating that any action binds the user to the relevant Terms. MTD at 8. The *Chabolla* court ruled that "[a] website must 'explicitly notify' a user of the legal significance of her actions and a manifestation of assent must be 'unambiguous.'" 2025 WL 630813 at *8. Ambiguity exists when the page at issue contains no explanation about what action binds a user to a contract. *See e.g., id.* ("[T]he only button on screen 2 reads 'Continue.' [] Rather than provide explicit instruction … [i]t is up to the user to assume that entering a first and last name and clicking the 'Continue' button amounts to 'signing up.'"). Indeed, "[two] faulty notices do not equal a proper one." *Id.* at *9. "The [Plex] website asked for little—just an email address, a name, and payment information. And it provided the user the opportunity to 'Continue' … A reasonable user could infer she 'enrolled' in something—a membership, a subscription, an agreement to purchase credits—but the contours of that enrollment are vague, and what the user manifests by enrolling is ambiguous at best." *Id.*

Dated: March 10, 2025

**BURSOR & FISHER, P.A.**

By: *__/s/ Neal J. Deckant__*
Neal J. Deckant

Neal J. Deckant (State Bar No. 322946)
Joshua R. Wilner (State Bar No. 353949)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
jwilner@bursor.com
jglatt@bursor.com

*Attorneys for Plaintiff*