Christopher J. Seusing *(Admitted Pro Hac Vice)*
cseusing@wshblaw.com
Sean V. Patel *(Pro Hac Vice Admission Forthcoming)*
spatel@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
685 3rd Avenue, 18th Floor
New York, NY 10017
Tel: 475-755-7050

Jacob P. Wilson (State Bar No. 331448)
jwilson@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Tel: 310-481-7600

***Attorneys for Defendants,***
**PLEX, INC. and PLEX GMBH**

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

RICHARD LEE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PLEX, INC. and PLEX GMBH,

Defendants.

Case No. 5:24-cv-02386-EKL

**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF ITS ALTERNATIVE MOTION TO COMPEL ARBITRATION**

**Motion Hearing Convened On:**
Date: October 30, 2024
Time: 9:15 a.m. – Remote Attendance
Courtroom: 7, 4th Floor
Judge: The Honorable Eumi K. Lee

Date Filed: April 22, 2024
Trial Date: None Set

COMES NOW Defendant PLEX, INC. and PLEX GMBH (collectively, "Plex"), who pursuant to this Court's Order (ECF No. 44), submits its supplemental brief in further support of its Alternative Motion to Compel Arbitration (ECF No. 22) in light of the Ninth Circuit's recent decision in *Chabolla v. ClassPass Inc.,* No. 23-15999, 2025 WL 630813 (9th Cir. Feb. 27, 2025).

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

As the Ninth Circuit held, because "there is no bright-line test," the court must undergo a unique factual analysis in "every circumstance" to determine whether a sign-in wrap agreement is enforceable. *Chabolla v. ClassPass Inc.,* No. 23-15999, 2025 WL 630813, at *6 (9th Cir. Feb. 27, 2025). Accordingly, as explained below, the Ninth Circuit's decision in *ClassPass* further supports Plex's Alternative Motion to Compel Arbitration because the design of Plex's website is distinguishable to that of ClassPass's.

**I. MR. LEE ENTERED INTO AN ENFORCEABLE SIGN-IN WRAP AGREEMENT.**

A sign-in wrap agreement is an internet contract where a "website provides a link to terms of use and indicates that some action may bind the user but does not require that the user actually review those terms." *ClassPass,* 2025 WL 630813, at *4 (internal citation omitted). "[A] sign-in wrap agreement may be an enforceable contract based on inquiry notice if (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Id*. Here, as explained below, each element is met.

**A. <u>Mr. Lee received reasonably conspicuous notice of the Terms.</u>**

As to the first element, the Ninth Circuit identified that the "context of the transaction," as well as the "traditional inquiry related to the visuals involved with the notice," inform whether a website provides reasonably conspicuous notice of the terms of an agreement. *Id*. (internal citation omitted). Here, as explained below, each factor is met.

(i). *By registering for an account, Mr. Lee entered into a continuing relationship with Plex with the expectation that he would be bound by the Terms.*

As to the first factor, the Ninth Circuit identified that a "user should expect that certain relationships are bound by terms, even if not explicitly told" and "some sort of continuing relationship…would require some terms[.]" *Id.* Applying this standard, the Ninth Circuit held in *ClassPass* that the "transaction [with Ms. Chabolla] could easily be considered a one-time purchase of credits at a discounted rate to be traded in at gyms and studios, rather than the formation of an ongoing relationship with ClassPass." *Id*. However, even then, the Ninth Circuit held that it "decline[s] to find that Chabolla had *zero* indication her relationship with ClassPass would be

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

ongoing." *Id.,* at *6. Here, the facts are distinguishable to those in *ClassPass* because as explained in Plex's opening motion, Mr. Lee registered for a Plex account. *See* ECF No. 22-2. This is material because as the Ninth Circuit in *ClassPass* identified, "a user who signs up for an account…clearly contemplate[s] some sort of continuing relationship[.]" *Id.,* at *5 (internal citation omitted). As such, the first factor is met.

*(i). Mr. Lee had conspicuous notice of the Terms when he registered for a Plex account.*

As to the second factor, the Ninth Circuit identified that "terms may be disclosed through hyperlinks" and "[f]or a hyperlink to be reasonably conspicuous, it must be denoted by design elements tailored to notify the reasonably prudent internet user of its presence." *Id*., at *6. Applying this standard, The Ninth Circuit held that ClassPass's "notice seems to fade into the irrelevancy of other aspects of the [web]page." *Id*. Specifically, the Ninth Circuit observed that "Screen 1 contains text in varying font sizes and images of people exercising." *Id*. The Ninth Circuit further observed that as to Screens 2 and 3, "the transition remains somewhat muddled by language regarding gift cards, which may or may not be relevant to the user's transaction. A reasonable user could easily assume the notice pertains to gift cards." *Id*. Here, the facts are distinguishable to those in *ClassPass* because as explained in Plex's opening motion, Plex's account registration screen is uncluttered, and does not contain "superfluous items separating the relevant action items from the notice." *Id*., at *7; *see also* ECF 22-2, 22-5, 22-6. Indeed, Plex's account registration screen does not contain references to promotional items (such as gift cards) or the services it provides. Accordingly, the facts here are more similar to those in *Oberstein v. Live Nation Ent.*, No. 20-cv-3888, 2021 WL 4772885, at *5 (C.D. Cal. Sept. 20, 2021) and *Patrick v. Running Warehouse, LLC*, No. 22-cv-9978, 2022 WL 10584136, at *2 (C.D. Cal. Oct. 18, 2022), *aff'd*, 93 F.4th 468 (9th Cir. 2024), where the Ninth Circuit found sufficient notice. As such, the second factor is met.

**B. <u>By registering for an account, Mr. Lee provided unambiguous manifestation of assent to Terms.</u>**

As to the second element, the Ninth Circuit identified that a "user's click of a button can be construed as an unambiguous manifestation of assent…if the user is explicitly advised that the act

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

of clicking will constitute assent to the terms and conditions of an agreement." *Id.* Applying this legal standard, the Ninth Circuit in *ClassPass* held that because "[S]creen 1 fails to provide reasonably conspicuous notice of the Terms of Use, any action [Ms. Chabolla took] on the [web]page cannot unambiguously manifest her assent to those terms." *Id*. The Ninth Circuit further held that Screen 2 and Screen 3 are legally deficient because "[S]creen 1 is the only screen where the language advises the user that by clicking a particular button they agree to the Terms of Use." *Id*., * 8. Additionally, the Ninth Circuit held that Screen 2 is legally deficient because while it provided that "[b]y signing up you agree to [ClassPass's] Terms of Use and Privacy Policy," it failed to contain a "sign up" button. *Id*. Lastly, the Ninth Circuit held that Screen 3 is legally deficient because while it provided a "Redeem now" button,

> [S]creen 3 fails to tell the user the significance of clicking "Redeem now," and therefore fails to provide the opportunity to unambiguously manifest assent to the Terms of Use. Moreover, the presence of the "Received a ClassPass gift card?" language further muddles the meaning of "Redeem now"—a user may reasonably be left with the impression that to "Redeem" means to "Redeem a gift card," rather than purchase a membership, much less manifest her assent to additional terms.

*Id.,* at *8. Here, the facts are distinguishable to those in *ClassPass* because as explained in Plex's opening motion, Plex's account registration screen contains a "Continue with Facebook" button and a "Create an Account" button, which directly below provides notice that "By creating an account or continuing to use a Plex application, website, or software, you acknowledge and agree that you have accepted the Terms of Service and have Reviewed the Privacy Policy." *See* ECF No. 22-5. This is material because as the Ninth Circuit observed, "several courts, including [itself], have repeatedly found webpages that…formed contracts" where they provided notice using "language such as, 'By clicking the Continue » button, you agree to the <u>Terms & Conditions</u> .'" *ClassPass,* 2025 WL 630813, at *8 (listing cases). As such, the second element is met.

## II. CONCLUSION

As explained above, the Ninth Circuit's decision in *ClassPass* further supports Plex's position because the design of Plex's website is distinguishable to that of ClassPass's. Accordingly, should this Court consider Plex's alternative request for relief, Plex then prays that this Court grant Plex's Motion to Compel Arbitration. Plex seeks such further relief as appears equitable.

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

DATED: March 10, 2025

**WOOD, SMITH, HENNING & BERMAN LLP**

By: */s/ Jacob P. Wilson*

JACOB P. WILSON
CHRISTOPHER J. SEUSING
*(Admitted Pro Hac Vice)*
SEAN V. PATEL
*(Pro Hac Vice Forthcoming)*
***Attorneys for Defendants,* Plex, Inc and Plex, GMBH**

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March 2025, I electronically filed the foregoing **DEFENDANT PLEX, INC.'S AND PLEX GMBH'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF ITS ALTERNATIVE MOTION TO COMPEL ARBITRATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Neal J. Deckant, Esq.<br>Joshua R. Wilner, Esq.<br>Joshua B. Glatt, Esq.<br>**BURSOR & FISHER, P.A.**<br>1990 North California Blvd., Ste 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>ndeckant@bursor.com<br>jwilner@bursor.com<br>jglatt@bursor.com | ***Attorneys for Plaintiff, RICHARD LEE*** |

/s/ TAC
Teresa Cabanday

WOOD, SMITH, HENNING & BERMAN LLP
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650